710 F.2d 204
 1984 A.M.C. 596
 CURACAO DRYDOCK COMPANY, (N.Y. CURACAOSE DOK MAATSCHAPPLI),
Plaintiff-Appellee,
v.
The M/V AKRITAS, her engines, tackle, apparel, Etc., in rem,
et al., Defendants,
Buena Valle, S.A., in personam, Defendant-Appellant.
 No. 83-3212.
 United States Court of Appeals,
Fifth Circuit.
 July 25, 1983.
 
 Chaffe, McCall, Phillips, Toler & Sarpy, Harvey G. Gleason, New Orleans, La., for defendant-appellant.
 Phelps, Dunbar, Marks, Claverie & Sims, George J. Fowler, III, New Orleans, La., for plaintiff-appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 Reconsidering earlier dicta, we hold that the notice of appeal of a judgment in an admiralty case, like the notice of appeal in all other civil cases, must be filed within the time limits set by Fed.R.App.P. 4. We are thus constrained to dismiss this admiralty appeal, even though counsel for the appellant may have relied on that dicta, because both we and the district court lack authority to extend the time prescribed by the Federal Rules of Appellate Procedure for filing a notice of appeal.
 
 
 2
 Counsel for the appellant filed a notice of appeal from the judgment of the district court thirty-two days after that judgment was entered. He averred in an affidavit submitted to us that he relied on our opinion in Farbwerke Hoerscht A.G. v. M/V "Don Nicky," 589 F.2d 795 (5th Cir.1979), in waiting to file the notice of appeal. In that opinion, we stated that 28 U.S.C. Sec. 2107 governs the time limits for filing a notice of appeal in an admiralty case.
 
 
 3
 28 U.S.C. Sec. 2107 (Supp. V 1981) provides that notice of appeal of a judgment in a civil action must be filed within thirty days after entry of the judgment, but in any proceeding in admiralty, "the notice of appeal shall be filed within ninety days after the entry of the order, judgment or decree appealed from, if it is a final decision, and within fifteen days after its entry if it is an interlocutory decree." In 1966, the Supreme Court, pursuant to statutory authority, 28 U.S.C. Sec. 2072, amended the Federal Rules of Civil Procedure to unify procedure in civil and admiralty matters, except prize proceedings. Order of the Supreme Court, 383 U.S. 1031 (1966). One year later, the Court adopted the Federal Rules of Appellate Procedure. Rule 4(a) of those rules provides that the notice of appeal in a civil case must be filed within thirty days after the entry of the judgment or order appealed from, or, if the United States is a party, within sixty days. The statute authorizing the Supreme Court to adopt procedural rules provides, "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. Sec. 2072 (1976). Accordingly, the Notes of the Advisory Committee on Appellate Rules state:
 
 
 4
 In view of the unification of the civil and admiralty procedure accomplished by the amendments of the Federal Rules of Civil Procedure effective July 1, 1966, this subdivision governs appeals in those civil actions which involve admiralty or maritime claims and which prior to that date were known as suits in admiralty.
 
 
 5
 Both the First Circuit and the Seventh Circuit have held that the 30-day time period prescribed by Fed.R.App.P. 4(a) supersedes the longer period fixed by 28 U.S.C. Sec. 2107.[1] In Farbwerke Hoerscht A.G. v. M/V "Don Nicky," 589 F.2d 795, 797 (5th Cir.1979), however, when considering the timeliness of an appeal, we referred only to 28 U.S.C. Sec. 2107, and failed to discuss Fed.R.App.P. 4(a). The issue in the Don Nicky case was whether the appeal from a final judgment permitted the appellant also to contest an earlier interlocutory ruling. As to the time allowed for an appeal from a final judgment in admiralty, our expression was obiter dicta because the appeal from the final judgment was taken only nine days after entry of judgment. That appeal was unquestionably timely and we held that it gave us jurisdiction to review the entire proceeding.
 
 
 6
 Like the First and Seventh Circuits, we hold that the notice of appeal in an admiralty proceeding must be filed within thirty days from the entry of the order or judgment appealed, and is governed by Fed.R.App.P. 4(a), unless the matter is a prize case, for which separate provision is made.
 
 
 7
 The Federal Rules of Appellate Procedure do not permit us to allow additional time for the filing of an appeal.[2] Fed.R.App.P. 4(a)(5) does permit the district court, upon a showing of excusable neglect, to extend the time for filing a notice of appeal. It requires, however, that the motion for extension be filed not later than thirty days after the expiration of the time prescribed and prohibits any extension that exceeds thirty days past the prescribed time or ten days from the date of entry of the order granting such motion. Nelson v. Foti, 707 F.2d 170, 171 (5th Cir.1983) (per curiam).
 
 
 8
 Although the Supreme Court has stated that, "It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional,' "[3] we have offered the clarification that the requirement of a timely notice of appeal does not govern our subject matter jurisdiction over the appeal, but is a mandatory precondition to our exercise of jurisdiction.[4] Several Supreme Court decisions, holding that "unique circumstances" permit an appellate court to hear an appeal it deems untimely,[5] lend support to our position, for they necessarily imply that untimely filing of a notice of appeal does not divest the appellate court of Article III jurisdiction.[6]
 
 
 9
 That we have subject-matter jurisdiction over this appeal, however, does not avail the appellant, for there is no procedural mechanism to bring the appeal before us. We may not hear an appeal absent a valid notice of appeal, and the time has passed in which the appellant could ask the district court to extend the time for filing notice. Nor may we direct the district court to entertain his motion out of time, for Rule 2 of the Federal Rules of Appellate Procedure[7] forbids us to set aside the rules governing the filing of notices of appeal. Griggs v. Provident Consumer Discount Co., --- U.S. at ---- n. 3, 103 S.Ct. at 403 n. 3, 74 L.Ed.2d at 230 n. 3. Finally, even were there a procedure to permit the district court to grant an extension, the maximum period to when the time could be enlarged has expired.
 
 
 10
 For these reasons, the appeal is DISMISSED.
 
 
 
 [1]
 Hansen v. Trawler Snoopy, Inc., 384 F.2d 131, 132 (1st Cir.1967) (per curiam); Feeder Line Towing Service, Inc. v. Toledo, P. & W. R.R. Co., 539 F.2d 1107, 1108-09 (7th Cir.1976); Motteler v. J.A. Jones Construction Co., 447 F.2d 954, 954 (7th Cir.1971) (per curiam). See also 7A J. Moore & A. Pelaez, Federal Practice: Admiralty paragraphs .02 n. 3, .64 & n. 8 (1982)
 
 
 [2]
 Fed.R.App.P. 26(b) ("The court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal...."); Reynolds v. Hunt Oil Co., 643 F.2d 1042, 1043 (5th Cir.1981) (per curiam) (appellate court has no authority to extend time for filing notice of appeal on ground of excusable neglect)
 
 
 [3]
 Griggs v. Provident Consumer Discount Co., --- U.S. ----, ----, 103 S.Ct. 400, 403, 74 L.Ed.2d 225, 229 (1982) (per curiam) (quoting Browder v. Director, Illinois Department of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521, 531 (1978) )
 
 
 [4]
 Williams v. Treen, 671 F.2d 892, 895 (5th Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 762, 74 L.Ed.2d 977 (1983); United States v. Burns, 668 F.2d 855, 858 (5th Cir.1982); Sanchez v. Board of Regents, 625 F.2d 521, 522 n. 1 (5th Cir.1980)
 
 
 [5]
 Fallen v. United States, 378 U.S. 139, 144, 84 S.Ct. 1689, 1692, 12 L.Ed.2d 760, 764 (1964) (former Fed.R.Crim.P. 37(a)); Wolfsohn v. Hankin, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964) (per curiam) (Fed.R.Civ.P. 59(b) and former Fed.R.Civ.P. 73(a)); Thompson v. Immigration & Naturalization Service, 375 U.S. 384, 387, 84 S.Ct. 397, 398-99, 11 L.Ed.2d 404, 406 (1964) (per curiam) (Fed.R.Civ.P. 52(b), 59(b) & (e) and former Fed.R.Civ.P. 73(a)); Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 217, 83 S.Ct. 283, 285, 9 L.Ed.2d 261, 263 (1962) (per curiam) (former Fed.R.Civ.P. 73(a))
 
 
 [6]
 See generally 9 J. Moore, B. Ward & J. Lucas, Federal Practice paragraphs 204.02 n. 17 & 204.02 (2d ed. 1983) (discussing meaning of phrase that "timely filing of notice of appeal is jurisdictional" and noting Supreme Court exceptions to rule)
 
 
 [7]
 Fed.R.App.P. 2 provides, "In the interest of expediting decision, or for other good cause shown, a court of appeals may, except as otherwise provided in Rule 26(b), suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction." (Emphasis supplied.)