2004 ME 85

**LANDMARK REALTY**

v.

**John LEASURE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 27, 2004.

Decided: July 2, 2004.

F. Bruce Sleeper, Esq., Jensen Baird Gardner & Henry, Portland, for Appellant.

Michael K. Martin, Esq., Bradford A. Pattershall, Esq., Petruccelli, Martin & Haddow, LLP, Portland, for Appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] John Leasure, the judgment debtor, appeals from a disclosure hearing order entered in the District Court (Portland, *Powers, J.*) ordering him to pay Landmark Realty, the judgment creditor, the sum of $200 monthly. Leasure contends that the District Court did not have subject matter jurisdiction because no valid writ of execution had been filed. Leasure also argues that the court erred in denying, as untimely, his motion for a new disclosure hearing. Landmark Realty concedes that Leasure's motion for a new hearing was timely but argues that the court's denial can be affirmed on other grounds. We conclude that the District Court had subject matter jurisdiction, and we vacate the denial of the motion for a new trial and remand to the District Court.

## I. BACKGROUND

[¶ 2] Landmark Realty obtained a judgment against Leasure on October 11, 1990, in the Superior Court (Cumberland County, *Cole, J.*) in the amount of $305,197. A writ of execution was issued on April 22, 2003, in the amount of $919,365.41, which was the amount of the judgment plus costs and prejudgment and postjudgment inter-

est. The writ of execution and a disclosure subpoena, showing service on Leasure, were filed with the District Court.

[¶ 3] A disclosure hearing was held on August 13, 2003, and the court found that Leasure had sufficient nonexempt income to make payments of $200 monthly to Landmark Realty. The court ordered Leasure to make such payments starting the first of September 2003, to the attorney for Landmark Realty. The disclosure hearing order was docketed on August 14, 2003.

[¶ 4] On August 25, 2003, Leasure filed a motion for a new trial pursuant to M.R. Civ. P. 59. He alleged that Landmark Realty was an entity that no longer existed and that the attorney named in the order to whom the payments were to be sent was the clerk and registered agent for Landmark Realty, Inc., which was incorporated on May 29, 2003. Leasure attached documents from the Maine Secretary of State to the motion. Landmark Realty opposed the motion on the grounds that the motion was untimely because it was filed more than ten days after the entry of the disclosure hearing order and because Leasure had not demonstrated a prejudicial error. The court denied the new trial motion, finding that the motion was late. Leasure then noticed this appeal.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

[¶ 5] Disclosure proceedings are a means of enforcing money judgments. The statutory authority for disclosure proceedings is found at 14 M.R.S.A. §§ 3120–3137 (2003). To initiate a disclosure proceeding, the judgment creditor must file a writ of execution, or an attested copy, with the disclosure subpoena and the return of service on the judgment debtor. 14 M.R.S.A. § 3126 (2003).

▬▬ [¶ 6] Leasure now contends that the District Court lacked subject matter jurisdiction to hold the disclosure hearing because the writ of execution, filed with the court by Landmark Realty, was invalid. The claimed invalidity is that the writ of execution was issued in 2003 whereas the judgment was obtained more than twelve years earlier, and the statute governing writs of execution provides that the initial writ of execution may not issue more than one year after the judgment becomes final. *Id.* § 4652. Leasure did not raise the jurisdictional issue nor the invalidity of the writ in the District Court. However, one of the hallmarks of subject matter jurisdiction is that it can be raised at any time, including on appeal. *Hawley v. Murphy*, 1999 ME 127, ¶ 8, 736 A.2d 268, 271; M.R. Civ. P. 12(h)(3). If the District Court lacked subject matter jurisdiction, we would have to vacate its order.

[¶ 7] " 'Jurisdiction ... is a word of many, too many, meanings." ' *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 915, 157 L.Ed.2d 867 (2004) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). Courts "have been less than meticulous" in using the term "jurisdictional." *Id.* We agree with the United States Supreme Court that: "Clarity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Id.* We acknowledge that our opinions sometimes use the term "jurisdiction" and even "subject matter jurisdiction" when we are referring to a claim-processing requirement or a defective pleading rather than the authority of the court to act in a particular class of cases.[1]

---

1. We often have said that time requirements for appeal are "jurisdictional," *Thomas v.*

[¶ 8] The District Court has exclusive jurisdiction over that class of cases called disclosure proceedings. 14 M.R.S.A. § 3121–A (2003). The type of case at issue here is a disclosure proceeding. Therefore, the District Court had subject matter jurisdiction over this disclosure proceeding. In contrast, if the disclosure proceeding had taken place in the Probate Court or the Superior Court, there would have been a lack of subject matter jurisdiction because disclosure proceedings are not among the class of cases within the statutory jurisdiction of either of those courts.

[¶ 9] For his argument that an invalid writ of execution deprived the District Court of subject matter jurisdiction to issue a disclosure order, Leasure relies on a recent case in which we held that a judgment creditor's "failure to comply with the statutory prerequisites" in obtaining a renewal writ of execution deprived the court of subject matter jurisdiction. *Strout, Payson, Pellicani, Hokkanen, Strong & Levine v. Barker*, 2001 ME 28, ¶¶ 1, 9, 765 A.2d 994, 994, 996–97. *But see Equity Portfolio LLC, Ltd. v. Schriever*, 2002 ME 104, ¶ 13, 799 A.2d 1236, 1238 (distinguish-

ing *Strout* and holding that a renewal writ of execution was valid even though the statutory requirement was not met). We were incorrect in *Strout* when we equated a "condition precedent" with "subject matter jurisdiction," and we will not follow that precedent here. The requirement to file a valid writ of execution with a disclosure subpoena, 14 M.R.S.A. § 3126, is a claim-processing rule. Landmark Realty's failure to follow a claim-processing rule for a disclosure proceeding did not deprive the District Court of the authority over the proceeding.

[¶ 10] Although we disagree with Leasure that an invalid writ of execution deprives the District Court of subject matter jurisdiction, we agree that a valid writ is a statutory prerequisite or a condition precedent for the processing of a disclosure or the issuance of a disclosure order. Leasure, however, failed to raise the invalidity of the writ at any time in the District Court proceedings, including his motion for a new trial. He has not preserved the issue of the invalidity of the writ. Absent special circumstances, we do not review unpreserved issues on appeal, *Berg v. Bragdon*, 1997 ME 129, ¶¶ 9–10, 695 A.2d 1212, 1214–15, and no exceptional circumstances exist here.[2]

*BFC Marine/Bath Fuel Co.*, 2004 ME 27, ¶ 5, 843 A.2d 3, 5, and cases cited therein, but it is not clear that we meant subject matter jurisdiction as opposed to a procedural requirement to invoke jurisdiction. *See Curacao Drydock Co. v. The M/V Akritas*, 710 F.2d 204, 206–07 (5th Cir.1983) (stating that "requirement of a timely notice of appeal does not govern our subject matter jurisdiction ... but is a mandatory precondition to our exercise of jurisdiction"); *United States v. Ford*, 627 F.2d 807, 809 (7th Cir.1980); *see also Carlisle v. United States*, 517 U.S. 416, 434, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (Ginsberg, J., concurring) ("It is anomalous to classify time prescriptions, even rigid ones, under the heading 'subject matter jurisdiction.' ").

Likewise, in criminal cases we have repeatedly stated that the failure of an indictment to allege an element of the offense de-

prives the court of jurisdiction to proceed with the prosecution of the defendant. *See State v. Levasseur*, 538 A.2d 764, 766 (Me. 1988) and cases cited therein. Resorting to the heavy hand of jurisdiction, however, is unnecessary because, by rule, the failure of a charging instrument to charge an offense can be noticed and acted upon by a court at any time during the proceeding. M.R.Crim. P. 12(b)(2). The United States Supreme Court has abandoned its former precedent concerning defective indictments and lack of jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *United States v. Williams*, 341 U.S. 58, 66, 71 S.Ct. 595, 95 L.Ed. 747 (1951).

2. Assuming, without deciding, that we could review the unpreserved issue of the invalidity of the writ of execution for obvious error, the error, if any, is not obvious. Although the

## B. New Hearing Motion

[¶ 11] Leasure's motion for a new disclosure hearing concerns the identity of the judgment creditor and whether the entity who appeared at the disclosure hearing was the judgment creditor.[3] The motion was denied by the District Court for the reason that it was untimely. The motion was brought pursuant to M.R. Civ. P. 59(a),[4] which requires that it be served within ten days of the entry of the judgment. M.R. Civ. P. 59(b). Although the District Court found that the motion was not timely served, Landmark Realty now concedes that it was timely.[5] Although Landmark Realty argues that we can affirm the denial of the motion because Leasure failed to show prejudicial error or substantial injustice, because of the sparse record, we remand for the District Court to consider the merits of the motion.

The entry is:

Denial of motion for new trial vacated and remanded to District Court for further proceedings.

writ of execution was issued more than twelve years after the judgment, courts have the authority to issue a writ of execution outside of the statutory time limits upon a motion to show cause. 14 M.R.S.A. § 4654 (2003). In the absence of evidence to the contrary, the issuance of the writ of execution is presumed regular and proper. The docket entries for the underlying action confuse the matter because the case was consolidated with two other cases, involving other defendants, after the judgment was issued against Leasure. There is a docket notation that further pleadings were to be filed in another of the consolidated cases, and without referring to the docket entries in the consolidated cases, it is impossible to determine the status of the matter. Thus, from the record before us, there is no obvious error.

3. "Judgment creditor" is defined as "any person, corporation, partnership or other entity who or which is the owner of any judgment unsatisfied in whole or in part." *Id.* § 3121(3).

4. Landmark Realty does not argue that a Rule 59(a) motion is inappropriate in a disclosure proceeding.

5. In its objection to the new trial motion, Landmark Realty stated that the motion was untimely because the disclosure order was dated August 13 and Leasure's motion was dated August 25. Landmark Realty did not allege when the motion was served on it and nothing in the record indicates when the motion was served. In their briefs to us, both parties read "served" in M.R. Civ. P. 59(b) as though it were "filed." The terms are not synonymous. *See* M.R. Civ. P. 5(d), (e). If the time period in Rule 59(b) was governed by filing instead of serving, Leasure's motion would have been timely because it was filed on a Monday following the Sunday, which was the tenth day after the entry of the disclosure order. M.R. Civ. P. 6(a). However, given that Landmark Realty is in the best position to know when the motion was served on it, we accept Landmark Realty's concession that the motion was timely.