MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2020 ME 136
Docket:       Pen-20-45
Argued:       September 16, 2020
Decided:      December 15, 2020

Panel:        MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

## STATE OF MAINE

v.

## RICHARD V. SHIREY

HORTON, J.

[¶1]   Richard V. Shirey appeals from an interlocutory order of the Superior Court (Penobscot County, *Anderson, J.*) denying his motion to dismiss on double jeopardy grounds a superseding indictment against him.  Shirey argues that the dismissal of the original indictment against him after the jury was empaneled and sworn bars the State from charging him again with the same offense.  We affirm the judgment, taking this opportunity to clarify the implications of a defective indictment for purposes of the Double Jeopardy Clauses of the Maine and United States Constitutions.  U.S. Const. amends. V, XIV; Me. Const. art. I, § 8.

## I. BACKGROUND AND PROCEDURAL HISTORY

[¶2]  In September 2018, a grand jury indicted Shirey on one count of possession of a firearm by a prohibited person (Class C), 15 M.R.S. § 393(1)(A-1)(3) (2020).  Shirey proceeded to trial on this indictment on August 21, 2019.  The indictment charged, in relevant part,

> On or about August 11, 2017, in Burlington, Penobscot County, Maine, RICHARD SHIREY, did own, possess or control a firearm, having been convicted of or found not criminally responsible by reason of mental disease or defect of committing a crime under the laws of Pennsylvania *punishable by imprisonment for one year or more*.

(Emphasis added.)  However, the criminal statute defining the firearm possession offense charged provides,

> A person may not own, possess or have under that person's control a firearm, unless that person has obtained a permit under this section, if that person . . . [h]as been convicted of committing or found not criminally responsible by reason of insanity of committing . . . [a] crime under the laws of any other state that, in accordance with the laws of that jurisdiction, is *punishable by a term of imprisonment exceeding one year*.

15 M.R.S. § 393(1)(A-1)(3) (emphasis added).  Immediately after the jury was sworn, Shirey moved to dismiss the indictment for failure to state an offense under Maine law.  *See* M.R.U. Crim. P. 12(b)(2).

[¶3]  The court granted Shirey's motion, concluding that the indictment failed to allege a crime due to the incorrect recitation of the prior conviction

element of the offense. The court reasoned that the indictment would allow Shirey to be convicted upon proof that he had previously been convicted of a crime that is punishable by a term of imprisonment of *precisely* one year, even though the firearm possession statute defines the offense to require proof of a prior conviction for a crime punishable by a term of imprisonment *exceeding* one year. 15 M.R.S. § 393(1)(A-1)(3).

[¶4] The State soon thereafter convened a second grand jury, which indicted Shirey on the instant charges.[1] Shirey moved to dismiss Counts 1 and 2 of the superseding indictment on double jeopardy grounds. The court denied the motion, concluding that Shirey was never placed in jeopardy at the trial on the original indictment because (1) the court lacked subject matter jurisdiction over the original indictment and (2) jeopardy cannot attach "until a proceeding begins before a trier [of fact] having jurisdiction to try the question of guilt or innocence of the accused." Shirey timely appealed the order denying his motion to dismiss. *See* 15 M.R.S. § 2115 (2020); M.R. App. P. 2B(b)(1); *State v. Jandreau*,

---

[1] Counts 1 and 2 of the superseding indictment charge Shirey with possession of a firearm by a prohibited person (Class C). 15 M.R.S. § 393(1)(A-1)(3)-(4) (2020). Count 1 charges a violation of the same provision of section 393 as was charged in the original indictment. *See* 15 M.R.S. § 393(1)(A-1)(3). Count 2 charges Shirey with a violation of a different provision within section 393, 15 M.R.S. § 393(1)(A-1)(4). The State does not challenge Shirey's assertion that both of the new charges allege the same offense as that alleged in the original indictment. *See Brown v. Ohio*, 432 U.S. 161, 166 (1977); *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

4

2017 ME 44, ¶ 6 n.3, 157 A.3d 239 (stating that the denial of a motion to dismiss based on double jeopardy is immediately appealable).

## II.  DISCUSSION

[¶5]  The United States and Maine Constitutions prohibit a defendant from being "twice put in jeopardy of life or limb" for the same offense.[2] U.S. Const. amends. V, XIV; Me. Const. art. I, § 8; *see Benton v. Maryland*, 395 U.S. 784, 794 (1969).  The Double Jeopardy Clause of each constitution applies if (1) jeopardy has attached in a criminal trial, (2) jeopardy has terminated, and (3) the defendant is placed in jeopardy again for the same offense.  *See United States v. Dixon*, 509 U.S. 688, 696 (1993); *Richardson v. United States*, 468 U.S. 317, 325 (1984); *Brown v. Ohio*, 432 U.S. 161, 166 (1977); *Serfass v. United States*, 420 U.S. 377, 388 (1975); *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *State v. Johnson*, 2014 ME 68, ¶ 10, 92 A.3d 351.

[¶6]  "The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments

---

[2] We have interpreted the Double Jeopardy Clauses of the Maine and United States Constitutions as coterminous.  *State v. Pineo*, 2002 ME 93, ¶ 10, 798 A.2d 1093 ("the Maine and United States Constitutions provide identical protections against double jeopardy").  Federal authority again provides a "helpful guide[] regarding the scope of the protection against double jeopardy afforded by the Maine Constitution" in the context of a defective indictment as is presented here.  *State v. Howes*, 432 A.2d 419, 423 (Me. 1981).

for the same offense." *Brown,* 432 U.S. at 165 (quotation marks omitted). These protections arise only after jeopardy has "attached," meaning that the defendant was materially at risk of conviction. *Martinez v. Illinois*, 572 U.S. 833, 834 (2014). If jeopardy has attached, the question becomes whether it has terminated so as to bar a retrial for the same offense. *See id.* at 841. Thus, this case raises two questions. First, did jeopardy attach to Shirey during the trial on the original indictment? If so, did jeopardy terminate in a way that bars a trial on the superseding indictment? The trial court answered both questions in the negative. "We review the trial court's double jeopardy determination de novo." *State v. Martinelli*, 2017 ME 217, ¶ 5, 175 A.3d 636.

A.     Attachment of Jeopardy

[¶7]   Pursuant to both the United States and Maine Double Jeopardy Clauses, jeopardy attaches in a jury trial when the jury is sworn and in a bench trial when the first witness is sworn. *Crist v. Bretz*, 437 U.S. 28, 37 n.15, 38 (1978)*; State v. Linscott*, 416 A.2d 255, 258 (Me 1980); *State v. Harriman*, 259 A.2d 752, 754 (Me. 1969). There remain, however, "limited exceptions to this rule—*e.g.*, where the trial court lacks jurisdiction or where a defendant obtains an acquittal by fraud or corruption." *Martinez*, 572 U.S. at 840 n.3.

6

[¶8] Jeopardy cannot attach if the court lacks subject matter jurisdiction, i.e., the authority to adjudicate the type of criminal offense charged. *See United States v. Ball*, 163 U.S. 662, 669 (1896); *accord, e.g., Hall v. McKenzie*, 575 F.2d 481, 484 (4th Cir. 1978) ("[I]t is settled that an accused cannot be placed in jeopardy by a court lacking jurisdiction to decide his case."); *see also United States v. Morton*, 467 U.S. 822, 828 (1984) ("Subject-matter jurisdiction defines the court's authority to hear a given type of case . . . ."); *accord Perkins v. State*, 614 S.E.2d 92, 93 (Ga. 2005) (holding that jeopardy did not attach where the defendant was tried for a criminal offense in a probate court lacking criminal jurisdiction).

[¶9] On the other hand, if the court has subject matter jurisdiction over the type of charge brought, "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 629-31 (2002).[3] The Supreme Court has explained the distinction between subject matter jurisdiction and the issues raised by a defective indictment:

---

[3] We have said that "[t]he sufficiency of an indictment is jurisdictional." *State v. Weese*, 662 A.2d 213, 214 (Me. 1995). However, "our opinions sometimes use the term 'jurisdiction' and even 'subject matter jurisdiction' when referring to a claim-processing requirement *or a defective pleading* rather than the authority of the court to act in a particular class of cases." *Landmark Realty v. Leasure*, 2004 ME 85, ¶ 7, 853 A.2d 749 (emphasis added). "Resorting to the heavy hand of jurisdiction . . . is unnecessary because, by rule, the failure of a charging instrument to charge an offense can be noticed and acted upon by a court at any time during the proceeding." *Id.* at ¶ 7 n.1. Rather than divesting the court of its subject matter jurisdiction, a defective indictment fails to invoke

> An acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offense. But although the indictment was fatally defective, yet, if the court had jurisdiction of the cause and of the party, its judgment is not void, but only voidable by writ of error; and, until so avoided, cannot be collaterally impeached. . . . If the judgment is upon an acquittal, the defendant, indeed, will not seek to have it reversed; and the government cannot.

*Ball*, 163 U.S. at 669-70 (citations omitted); *accord Benton*, 395 U.S. at 797.

[¶10] Because a defective indictment does not affect a court's subject matter jurisdiction, if a trial on a defective indictment is allowed to proceed to the point of an acquittal, the Double Jeopardy Clause bars a retrial. *See Ball*, 163 U.S. at 670.

[¶11] For these reasons, a defective indictment brought to trial in a court that has jurisdiction places the defendant in jeopardy of conviction if the trial proceeds past the point at which jeopardy attaches. *See Hoffler v. Bezio*, 726 F.3d 144, 156-61 (2d Cir. 2013) (concluding that jeopardy attached to a defendant at his trial for murder because the court had (1) subject matter jurisdiction to try felony offenses allegedly occurring in the state's territorial boundaries and (2) personal jurisdiction over the defendant); *People v. Sup. Ct. of Los Angeles Cty.*, 820 P.2d 613, 617, 626 (Cal. 1991) (concluding that jeopardy

---

the court's subject matter jurisdiction in the manner required by statute or rule and is therefore subject to dismissal. *See id.* ¶ 7 & n.1.

attached notwithstanding that the court's proceedings were defective for failing to hold a competency hearing); *State v. Corrado*, 915 P.2d 1121, 1128-33 (Wash. Ct. App. 1996) (explaining that, despite the absence of any charging instrument, jeopardy attached where the trial court "had jurisdiction over the *type of offense*, over the person, and over the place where the offense allegedly occurred" (emphasis added)).

[¶12] Because the trial court had jurisdiction over the subject matter of the indictment and over Shirey—and because the jury was sworn before the court dismissed the indictment—we conclude that jeopardy attached in Shirey's trial.

[¶13] With the first question answered in the affirmative, we must next determine "whether the jeopardy ended in such a manner that the defendant may not be retried." *Martinez*, 572 U.S. at 841.

B.     Termination of Jeopardy

[¶14] Jeopardy terminates so as to bar a retrial in three circumstances: (1) when the defendant is acquitted, *see Richardson*, 468 U.S. at 325; (2) when the defendant's conviction has become final, *see United States v. Wilson*, 420 U.S. 332, 343 (1975); or (3) when the court ends the trial after jeopardy has attached but before verdict or judgment without either the defendant's

consent or any manifest necessity, *see Green v. United States*, 355 U.S. 184, 188 (1957); *State v. Friel*, 500 A.2d 631, 634 (Me. 1985).

[¶15]  The second and third enumerated methods by which jeopardy terminates are inapplicable here—Shirey was not convicted, and the indictment was dismissed at his request.  Shirey's double jeopardy argument rests on the first method; he contends that the trial court's dismissal of the indictment was the equivalent of an acquittal.  We disagree.

[¶16]  An acquittal "encompass[es] any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense."  *Evans v. Michigan*, 568 U.S. 313, 318 (2013).  Thus, an acquittal requires some evaluation of the sufficiency of the evidence to support a conviction.  *See State v. Paquin*, 2020 ME 53, ¶ 43, 230 A.3d 17; *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977) (characterizing an acquittal as "the ruling of the judge, whatever its label, [which] actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged").  The evaluation of the sufficiency of the evidence required to terminate jeopardy may take the form of the jury's verdict, the trial court's grant of a judgment, or even an appellate court's decision vacating a conviction.[4]

---

[4]  Typically, when a person is convicted of a criminal offense and the conviction is vacated on appeal, jeopardy does not terminate and the defendant can be retried.  *See Burks v. United States*,

[¶17]   The Supreme Court has said that the reason a trial terminates before verdict or judgment may be either procedural or substantive.[5]  *See Evans*, 568 U.S. at 319.  The distinction lies in whether the reason for ending the trial is related to "factual guilt or innocence."  *Id.*  (quotation marks omitted).  Thus, an acquittal, however it comes about, is always based on some substantive evaluation of the evidence.  *See id.*  If the dismissal occurs without any consideration of factual guilt or innocence, it is procedural.  *Id.*  Among this brand of dismissals is "an error with the indictment."  *Id.*

[¶18]   Shirey argues that the Double Jeopardy Clause bars retrial on Counts 1 and 2 of the indictment because the court's dismissal of the first indictment was based on its conclusion that, even if the State were to prove the allegations in the indictment beyond a reasonable doubt, the jury would be compelled to find Shirey not guilty on the merits.  Essentially, he argues that the dismissal was on substantive grounds.  *See id.*  His argument ignores the undisputed point that the court did not evaluate the evidence; rather, the court

---

437 U.S. 1, 15-16 (1978).  However, if the conviction is vacated based on the appellate court's determination that the evidence was insufficient to support the conviction, the result is the functional equivalent of an acquittal.  *See id.* at 18 (holding that the Double Jeopardy Clause bars retrial if the underlying conviction is vacated on appeal due to insufficient evidence).

[5]  The Supreme Court defines a substantive dismissal as "a ruling by the court that the evidence is insufficient to convict, a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, and any other ruling which relates to the ultimate question of guilt or innocence."  *Evans v. Michigan*, 568 U.S. 313, 319 (2013) (alterations omitted) (quotation marks omitted).

simply assumed that, even if the State proved all of the allegations in the indictment, it would not necessarily have proved that Shirey committed any crime.

[¶19]  Because the trial court did not evaluate the evidence, we conclude that the error in the original indictment is procedural.  Thus, the dismissal does not function as an acquittal and does not bar retrial.  The dismissal of an invalid indictment after jeopardy has attached is "treated as the functional equivalent[] of [a] mistrial[], and [is] governed by the same double jeopardy principles." 6 Wayne R. LaFave et al., *Criminal Procedure* § 25.2(f) (3d ed. 2007); *see Lee v. United States*, 432 U.S. 23, 26, 31 (1977) ("[T]he order [dismissing the Government's faulty information] entered by the District Court was functionally indistinguishable from a declaration of mistrial."); *see also United States v. Dinitz*, 424 U.S. 600, 609-11 (1976) (holding that there is generally no bar to retrial when the court grants a mistrial at the defendant's request); *Johnson*, 2014 ME 68, ¶ 10, 92 A.3d 351 ("once the jury is sworn and jeopardy attaches, a defendant 'will not be required to stand trial a second time unless he consents to a mistrial or unless under all the circumstances, the mistrial was mandated by manifest necessity.'" (alterations omitted) (quoting *State v. Rowe*, 480 A.2d 778, 781 (Me. 1984) (alteration omitted)).

12

[¶20] Shirey moved for the dismissal of the original indictment due to its failure to charge a crime under Maine law. He made this motion immediately after the jury was sworn in, before any opening statement, and before any presentation of evidence in the form of sworn testimony or exhibits.[6] His motion was based entirely on the defective indictment and did not seek any evaluation of the sufficiency of the State's evidence. In fact, because the State had not presented any evidence or made any offer of proof, Shirey's motion could not have been based on insufficiency of the evidence. Without any consideration, much less any determination, of Shirey's guilt or innocence in light of the evidence, the court dismissed the case based solely on the deficiency in the charging instrument. Such a defect is precisely the kind of error that the Supreme Court has deemed procedural and thus insufficient to terminate jeopardy. *See Evans*, 568 U.S. at 319.

[¶21] Shirey nevertheless insists that he cannot be retried because the jury would have been compelled to acquit him even if the State proved all allegations contained in the first indictment. This argument assumes, without

---

[6] The decision in *Evans* promulgates no bright line rule delineating the quantity or extent of evidence that has to be presented or considered before a dismissal can be classified as substantive. We need not consider that question today because the record is clear that the dismissal of the initial indictment against Shirey was not based on the presentation or consideration of any evidence.

support in the record, that the State could not have presented evidence that Shirey has a prior conviction punishable by a sentence of more than one year. Separately, from a legal standpoint, Shirey's argument is foreclosed by *Lee*, 432 U.S. at 32-34, and *Illinois v. Somerville*, 410 U.S. 458, 468-71 (1973). In both cases, the Supreme Court concluded that the Double Jeopardy Clause did not bar retrial after dismissal of charging instruments that did not allege all elements of the offenses charged. *Lee*, 432 U.S. at 32-34; *Somerville*, 410 U.S. at 468-71.

[¶22] We therefore conclude that neither the United States Double Jeopardy Clause nor its counterpart in the Maine Constitution bars the State from retrying Shirey on the superseding indictment.

The entry is:

> Judgment affirmed.

---

Hunter J. Tzovarras, Esq. (orally), Bangor, for appellant Richard V. Shirey

Marianne Lynch, District Attorney, and Mark A. Rucci, Asst. Dist. Atty. (orally), Prosecutorial District V, Bangor, for appellee State of Maine

Penobscot County Unified Criminal Docket docket number CR-2019-2973
FOR CLERK REFERENCE ONLY