Charlotte **MELDER**

v.

Adolph B. **CARREIRO.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 3, 1988.
Decided May 31, 1988.

Henry J. Meyer, Legal Services for the Elderly, Lewiston, for plaintiff.

Joel Vincent, Scarborough, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Charlotte Melder, the plaintiff in a small claims action, appeals from the decision of the Superior Court, Oxford County, affirming that under the Maine Rules of Small Claims Procedure the District Court did not have the authority to waive the filing fee for her appeal to the Superior Court. Although we conclude that the District Court has the discretion to waive the filing fee on a small claims appeal, we affirm the judgment of the Superior Court because Melder failed to establish a likelihood of success on appeal.

Rule 2 of the Maine Rules of Small Claims Procedure provides:

**Rule 2. Commencement of proceedings.**

**(a) Commencement by Filing; Fee.** A small claims action is commenced by filing a statement of claim with the court on a form provided by the court and by payment to the clerk of a filing fee of $15 for each defendant joined and to be served in the action.

**(b) Waiver of Fees.** The plaintiff may file an in forma pauperis application for waiver of filing and service fees. If the court finds that the plaintiff does not have sufficient funds to pay such fee or fees, it shall order waiver thereof.

Apparently because there is no similar procedure allowing a litigant to file an application to proceed on appeal in forma pauperis, both the Superior Court and the District Court judges ruled that because Melder failed to file an application to proceed in forma pauperis at the time she commenced the action, she could not seek to obtain a waiver of the filing fee for an appeal to the Superior Court. We disagree with that restrictive view of the court's authority.

■ When the litigant's interest in the proceeding does not involve a fundamental right, there is no constitutional right to waiver of court fees on appeal. *See Ortwein v. Schwab*, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973) (Apply rational justification test; test met if fee is not disproportionate and it provides revenue to offset court costs); *Housing Authority of King County v. Saylors*, 87 Wash.2d 732, 557 P.2d 321 (1977). Nevertheless, we conclude that the District Court retains the inherent power when appropriate to waive the fee on appeal to the Superior Court. *See Silvestro v. Almonte*, 484 A.2d 900 (R.I.1984); *Saylors*, 557 P.2d at 327.

■ A number of jurisdictions have held that the motion to proceed in forma pauperis should be addressed to the sound discretion of the appellate court. However, rule 15 of the Rules of Small Claims Procedure provides:

When no procedure is specifically prescribed by these rules, the court shall proceed in a manner consistent with analogous provisions of the District Court Civil Rules or the Maine Rules of Civil Procedure, or if those rules make no analogous provision, in any lawful manner not inconsistent with the Constitution of the State of Maine or any applicable statute or rule of court....

Under M.R.Civ.P. 91(e), when a party who intends to *remove* the action from the District to Superior Court seeks to proceed in forma pauperis, the party should file the motion to so proceed with the District Court. In order to be consistent with this analogous provision, we conclude that a motion to proceed in forma pauperis on *appeal* to the Superior Court should be addressed to the District Court.

In deciding whether to grant a motion to proceed in forma pauperis, the District Court must determine whether the moving party has established that he is indigent, that the appeal is made in good faith and that the appeal is meritorious, i.e., the petition must allege sufficient facts and legal principles from which it can be determined that there is a reasonable likelihood that the applicant may prevail on appeal. *See Ferguson v. Keays*, 4 Cal.3d 649, 94 Cal.Rptr. 398, 403, 484 P.2d 70, 75 (1971) (litigant seeking to proceed in forma pauperis on appeal must show that he is indigent, appeal is brought in good faith, and appeal has merit); *Saylors*, 557 P.2d at 328 (before waiving filing fee court should ensure that litigant is indigent, appeal is filed in good faith and petition must allege sufficient facts and legal principles from which it can be determined miscarriage of justice has occurred).

In the instant case, Melder has failed to demonstrate in either trial court or before us that there is a reasonable likelihood that she would succeed on her appeal. The District Court, therefore, properly denied her motion.

The entry is:

Judgment affirmed.

All concurring.