1997 ME 166

### Richard B. LEVESQUE

v.

### Monique A. LEVESQUE.

Supreme Judicial Court of Maine.

Submitted on Briefs March 24, 1997.

Decided July 23, 1997.

Roscoe H. Fales, Jennifer Nichols Ferguson, Fales & Fales, P.A., Lewiston, for plaintiff.

Jack Comart, Pine Tree Legal Assistance, Inc., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

 [¶ 1] Defendant Monique Levesque appeals from the judgment entered in the Superior Court (Androscoggin County, *Delahanty, J.*) dismissing[1] her appeal from a divorce judgment entered in the District Court (Lewiston, *Beliveau, J.*) as untimely. Defendant contends on appeal that her motion to alter and amend the divorce judgment to change her name tolled the running of the appeal period, and that her notice of appeal to the Superior Court was timely if computed from the date of the order on her motion to amend. We conclude that defendant's appeal was filed in a timely manner and we vacate the judgment of the Superior Court. In the interest of judicial economy, we consider and affirm the District Court's denial of her motion to proceed *in forma pauperis*.

[¶ 2] Plaintiff Richard Levesque and defendant were married in 1975. Three children were born of their marriage. On July 26, 1995, a judgment was entered in the District Court divorcing the parties, determining child custody and support issues, and dividing the marital property. It was determined that the parties would share parental rights and responsibilities concerning their minor children and that the primary physical residence of the children would be with the father. The mother was not ordered to pay child support. No alimony was awarded to either party. Title to the marital home was awarded to the father and he was ordered to pay the mother the value of her share of the property sixty days after their youngest child reaches sixteen or, if he sold the property before then, on the sale of the property.

[¶ 3] On July 28, 1995, the mother moved for findings of fact and conclusions of law regarding the court's valuation of the couple's real and personal property and its decision not to order the sale of the house until their youngest child reaches sixteen years of

---

1. The Superior Court's mandate states, in part: "Appeal denied." The appeal, however, should not have been "denied" because the court did not address the merits of the appeal. The court, refusing to consider the appeal because untimely, functionally dismissed the appeal. *See* M.R. Civ. P. 76D ("If an appellant fails to comply with the provisions of Rules 76D through 76G, containing the notice of appeal filing requirements, within the time prescribed therein, the Superior Court may ... *dismiss the appeal* for want of prosecution.") (Emphasis added).

age. On August 15, 1995, the court issued its findings and conclusions. On August 23, 1995, the mother filed a motion "[p]ursuant to Rules 52(b) and 59(e), M.R. Civ. P." to alter and amend the divorce judgment to "provide for the restoration of the Defendant's maiden name of "**Denis** . . . as authorized pursuant to 19 M.R.S.A. § 752(11)." This motion was granted on September 1, 1995.

[¶ 4] On October 2, 1995, the mother filed a notice of appeal from the divorce judgment. On that same date, she filed a motion for a transcript at state expense. The court ordered the mother to file a financial affidavit in support of the motion. She filed an application to proceed *in forma pauperis* with a supporting affidavit. The District Court found that her appeal was frivolous and not made in good faith and it denied her motion to proceed *in forma pauperis*. It later denied her motion to reconsider this ruling.[2]

[¶ 5] The Superior Court refused to consider the merits of the mother's appeal from her divorce judgment because her notice of appeal, filed on October 2, 1995, was not timely. The court concluded that her motion to amend the judgment to allow her to resume her maiden name "is not the type of motion contemplated under either Rule 59 or 52, M.R.Civ.P., which would toll the period of time in which an appeal must be filed." The mother then filed a timely notice of appeal from the Superior Court's judgment.[3]

## I. The Timeliness of Defendant's Appeal to the Superior Court

[¶ 6] The mother asserts that her motion to alter and amend the divorce judgment was properly made pursuant to M.R. Civ. P. 52(b). She contends that her notice of appeal to the Superior Court, filed within 30 days of the entry of the court's order on her motion, is timely. The father contends that the mother's motion to amend was not properly made pursuant to Rule 52(b) because it did not request an amendment of the court's August 15 findings. He argues that the motion must be characterized as a Rule 59(e) motion, and as such, was untimely.

[¶ 7] It is undisputed that the mother's motion, if it must be characterized as a Rule 59(e) motion, was untimely because it was filed over ten days after the entry of the judgment in question.[1] It is also clear that the motion, if characterized as a Rule 52(b) motion, was timely. It was made within ten days after notice of the findings made by the court on August 15. Such a Rule 52(b) motion would have terminated the running of the appeal period until the entry of the court's order granting the motion on September 1. M.R. Civ. P. 76D. If the period for appeal began to run on September 1, the mother's notice of appeal, filed on October 2, was timely.

[¶ 8] M.R. Civ. P. 52(b) states in part:

**(b) Amendment.** The court may, upon motion of a party made not later than 10 days after notice of findings made by the court, amend its findings or make additional findings and, if judgment has been entered, may amend the judgment accordingly . . . .

Contrary to the father's assertion, relief may be granted pursuant to Rule 52(b) even when the parties have not requested findings pursuant to Rule 52(a)[5] or have not explicitly requested the amendment of any particular

---

2. In addition to appealing the divorce judgment, the mother also filed a notice of appeal from the District Court's orders denying her leave to proceed *in forma pauperis* and declining to reconsider that denial.

3. The father has moved to dismiss the present appeal. We clearly have jurisdiction over an appeal from a Superior Court determination of its own jurisdiction.

4. M.R. Civ. P. 59(e) states: "**Motion to Alter or Amend a Judgment.** A motion to alter or amend the judgment shall be served not later than 10 days after the entry of the judgment."

5. M.R. Civ. P. 52(a) states, in part:
 In all actions tried upon the facts without a jury or with an advisory jury, the Superior Court justice or, if an electronic recording was made in the District Court, the District Court judge, shall, upon the request of a party made

finding. As noted in *Maine Civil Practice*, "so far as most nonjury cases are concerned ... almost without exception any amendment of a judgment would first involve amendment of the court-made findings." As a consequence, "[t]he longer time period for seeking an amendment of a judgment in connection with amended findings causes Rule 52(b) for practical purposes to swallow up Rule 59(e)" in such cases. 1 Field, McKusick & Wroth, *Maine Civil Practice*, § 52.3 at 686 (2d ed. 1970); *see also* 2 Field, McKusick & Wroth, *Maine Civil Practice*, § 59.4a at 66 (in nonjury actions relief from a judgment under Rule 52(b) may still be available even though the time has passed for a Rule 59(e) motion) (citing *Gosselin v. Better Homes, Inc.*, 256 A.2d 629 (Me.1969)); *Id.* at 65 (the functions of motions pursuant to Rules 52(b) and 59(e) overlap).

[¶ 9] In *Gosselin v. Better Homes, Inc.*, 256 A.2d 629 (Me.1969), a judgment in the trial court permitted the plaintiff to redeem certain property if a designated sum was paid by January 1, 1968. The judgment was filed on December 29, 1967, but did not come to the attention of plaintiff until January 11, 1968. Plaintiff brought a motion praying for relief pursuant to M.R. Civ. P. 52(b). The trial court held that the motion, not having been made "after notice of findings" as contemplated by Rule 52(b), was properly to be considered an untimely Rule 59(e) motion. *Id.* at 631. We held that the trial court erred, stating that "[a]lthough it was labeled a motion to amend judgment in accordance with rule 52–B, meaning 52(b), the plaintiff's obvious purpose was to obtain an amendment of the implied finding of fact made by the court that the period from December 28, 1967 to January 1, 1968 ... was a reasonable time for redemption." *Id.* at 632. In the present case, the mother's motion to amend the divorce judgment can similarly be viewed as a request that the court amend its findings, then consisting of its original findings and its August 15 findings, to add an additional finding that she was entitled to resume her maiden name.

[¶ 10] Such a result comports with the spirit of the Civil Rules:

> Our rules of civil procedure were meant to facilitate the just, speedy, and inexpensive determination of the merits of issues raised and pleadings under them must be viewed not as a game of skill in which one wrong move by counsel may be decisive but rather as orderly steps to be taken in securing an early and just final adjudication of the rights of the parties to the litigation ... It is in that spirit that Rule 52(b) was intended to permit corrections of findings and judgment before finality fully attached with resulting avoidance of appeals and the necessary delay incidental thereto.

*Gosselin*, 256 A.2d at 633–634.

## II. Motion to Proceed *In Forma Pauperis*

[¶ 11] The mother has briefed the merits of her appeal from the District Court's denial of her motion to proceed *in forma pauperis*. Because we are vacating the Superior Court's order, we now address that collateral appeal in the interests of judicial economy. *See* 4 M.R.S.A. § 57 (1989) (Law Court has jurisdiction over *cases* on appeal from the Superior Court).

[¶ 12] M.R. Civ. P. 91(f) provides:

> A party seeking to appeal to the Superior Court or the Law Court may file or renew an application for leave to proceed in forma pauperis as provided in subdivision (a) of this rule. If the court from which the appeal is taken finds that the appeal is brought in good faith and is not frivolous and that the applicant is without sufficient funds to pay all or part of the costs of entering the appeal and preparing and transmitting the record, it shall order all or part of those costs to be waived or paid as an administrative expense of the District Court or Superior Court as the case may be....

The District Court concluded, based on a review of the divorce judgment, the plead-

---

as a motion within 5 days after notice of the decision, or may upon its own motion, find the

facts specially and state separately its conclusions of law thereon....

ings, and the arguments of counsel, that the mother's appeal from the judgment was frivolous and not brought in good faith.[6]

 [¶ 13] It is a question of law whether an appeal is frivolous. Accordingly, an appellate court considers the issue *de novo.* Here, we agree with the District Court's finding that the mother's appeal was frivolous. She challenged the court's determination of the credibility of witnesses and its disposition of marital property. Given the deferential standard of review for such discretionary findings, there is no reasonable basis for believing that the mother would succeed on appeal. *Brandis v. Brandis,* 515 A.2d 1153, 1154 (Me.1986) (issue frivolous pursuant to M.R. Civ. P. 76(f) when appellant could have no reasonable belief of success).

The entry is:

Order of the District Court denying motion to proceed *in forma pauperis* affirmed. Judgment of the Superior Court vacated. Remanded for further proceedings consistent with the opinion herein.

---

6. In proposing the adoption of the current version of M.R. Civ. P. 91(f), the Civil Rules Advisory Committee stated that the new rule abandons the standard set out in *Melder v. Carreiro,* 541 A.2d 1293 (Me.1988), "under which in all cases except those involving a 'fundamental right' an appellant seeking to proceed *in forma pauperis* must establish a reasonable likelihood of success on the appeal." Me Rptr., 636–644 A.2d XXXIII. This standard was rejected, according to the committee's note, because "the *Melder* rule in effect allows the judge who has decided the case on the merits to determine the question of the likelihood that the decision will be overturned." *Id.* The committee note, however, explains the choice of "frivolousness" as the standard, stating that "the requirement in Rule 91(f) that the appeal not be frivolous, which is similar to the language of Rule 76(f) ... should be adequate to deter unwarranted *in forma pauperis* applications." *Id.*