2004 ME 27

**Robert THOMAS et al.**

v.

**BFC MARINE/BATH FUEL CO.**

Supreme Judicial Court of Maine.

Submitted on briefs: Jan. 22, 2004.

Decided: March 3, 2004.

Roy T. Pierce, Esq., Jeffrey W. Peters, Esq., Jonathan G. Mermin, Esq., Preti Flaherty Beliveau Pachios & Haley, LLC, Bath, for plaintiffs.

**4**

Carl W. Stinson, Esq., Jessica R. Avery, Esq., Stinson Law Offices, Bath, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] The District Court (West Bath, *Field, J.*) entered a small claims judgment in favor of Robert and Kathryn Thomas and against BFC Marine/Bath Fuel Co. pursuant to Rule 11 of the Maine Rules of Small Claims Procedure. BFC appealed from the small claims judgment to the Superior Court and requested a jury trial. In the Superior Court (Sagadahoc County, *Atwood, J.*), a jury found in favor of BFC. The Thomases appeal to us from the Superior Court judgment. Because we agree with the Thomases' contention on appeal that BFC's appeal to the Superior Court was untimely, and that the Superior Court was without jurisdiction to hear that appeal and the District Court judgment should not be disturbed, we vacate the judgment entered in the Superior Court, and remand to the Superior Court for the entry of a judgment of dismissal.

## I. FACTUAL AND PROCEDURAL HISTORY

[¶ 2] The Thomases filed a small claims action seeking to recover damages for a defective engine they purchased from BFC. The parties were self-represented at a hearing before the District Court. The District Court entered a small claims judgment for the Thomases in the amount of $4500, plus costs. BFC then obtained counsel and filed a motion to amend and for findings of fact pursuant to M.R. Civ. P. 52 and M.R. Civ. P. 59.[1] The District Court denied the motion, concluding that "[it] was not the intent of the Legislature to generate repeat litigation, where parties come into the Small Claims forum, then 'lawyer up' (to borrow an expression from current airwaves drama) after an unsatis-

---

1. M.R. Civ. P. 52 provides in pertinent part:

    (a) Effect. In all actions tried upon the facts without a jury or with an advisory jury, the Superior Court justice or, if an electronic recording was made in the District Court, the District Court judge, shall, upon the request of a party made as a motion within 5 days after notice of the decision, or may upon its own motion, find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment if it differs from any judgment that may have been entered before such request was made . . . .

    (b) Amendment. The court may, upon motion of a party made not later than 10 days after notice of findings made by the court, amend its findings or make additional findings and, if judgment has been entered, may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

M.R. Civ. P. 59 provides in pertinent part:

    (a) Grounds. The justice or judge before whom an action has been tried may on motion grant a new trial to all or any of the parties and on all or part of the issues for any of the reasons for which new trials have heretofore been granted in actions at law or in suits in equity in the courts of this state. . . . On a motion for a new trial in an action tried without a jury, the justice or judge before whom the action has been tried may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

    (b) Time for Motion. A motion for a new trial shall be served not later than 10 days after the entry of the judgment.

    . . . .

    (e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment. A motion for reconsideration of the judgment shall be treated as a motion to alter or amend the judgment.

    . . . .

factory result, to re-litigate the entire case over again."

[¶ 3] Pursuant to M.R.S.C.P. 11, and within thirty days of the District Court's order denying its motion pursuant to Rules 52 and 59, but not until a full ninety days after the District Court entered judgment in favor of the Thomases in the small claims action, BFC filed a notice of appeal and a request for a jury trial de novo in the Superior Court. A jury trial was held in the Superior Court, and the jury found in favor of BFC. The Thomases then filed this appeal to this Court.

## II. DISCUSSION

[¶ 4] The Thomases contend that BFC's appeal to the Superior Court was ineffective because BFC's motions made pursuant to M.R. Civ. P. 52 and 59 do not extend the thirty-day appeal period provided in M.R.S.C.P. 11(a), and therefore, BFC's appeal to the Superior Court was untimely. BFC contends that, pursuant to M.R.S.C.P. 15, a small claims litigant can file motions pursuant to Rules 52 and 59, and the thirty-day appeal period is tolled by the filing of those motions. BFC also contends that motions made pursuant to Rules 52 and 59 do not contravene the purpose of small claims procedure because such motions provide a simple and efficient means to address a small claims judgment.

[¶ 5] BFC contends that the Thomases failed to object to the timeliness of BFC's appeal pursuant to M.R.S.C.P. 11, and therefore, they cannot raise this issue on appeal. Generally, issues raised for the first time on appeal are not preserved. *MP Assocs. v. Liberty*, 2001 ME 22, ¶ 18, 771 A.2d 1040, 1046. In *Town of S. Berwick Planning Bd. v. Maineland, Inc.*, however, we stated that time requirements for taking an appeal are jurisdictional; if a party files a late appeal and there is no tolling or valid enlargement of

time, the court never acquires jurisdiction. 409 A.2d 688, 689 (Me.1980). *See also Davric Me. Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶ 11, 751 A.2d 1024, 1030 ("Statutory limitations on appeal periods are jurisdictional."); *Torrey v. Full Gospel Church of Searsport*, 394 A.2d 276, 278 (Me.1978) (stating that the timeliness of an appeal to the Superior Court goes to the Superior Court's jurisdiction to take the appeal). "Jurisdictional claims respecting subject matter present overriding issues which courts may examine at any stage of the proceedings, whether at the trial level or on appeal and whether called to the attention of the court or noted by the court on its own motion." *Jones v. York*, 444 A.2d 382, 384 (Me.1982). Accordingly, because the timeliness of an appeal is jurisdictional, and matters of jurisdiction may be raised at any time, the Thomases have not failed to preserve the issue for appeal.

[¶ 6] We have previously addressed this issue, albeit under slightly different circumstances, and concluded that motions such as those filed pursuant to Rule 52 and Rule 59 are not appropriately filed in small claims cases. In *Boothbay Register, Inc. v. Murphy*, Murphy filed a Rule 59 motion for a new trial in a small claims proceeding. 415 A.2d 1079, 1079 (Me.1980). We applied former District Court Civil Rule 81(a)(1) restrictively, and concluded that "[t]he [District Court Civil Rules] do not apply to anything that affects the rendition of final judgment in the small claims court, such as a motion to amend or a motion for findings or for a new trial." *Id.* at 1080. We said that the purpose of the small claims statute, to provide "a simple, speedy and informal procedure," mandated this conclusion. *Id.* (quoting 14 M.R.S.A. § 7452 (1980), the predecessor to 14 M.R.S.A. § 7481 (2003)).

[¶ 7] At the time *Murphy* was decided, D.C. Civ. R. 81(a)(1) read:

These rules do not apply to the beginning and conducting of the following actions and proceedings in the District Court:

(1) Actions under the statutory small claims procedure except as to proceedings subsequent to the rendition of judgment.

*Murphy* was decided before the Rules of Small Claims Procedure became effective. When the Small Claims Rules became effective, D.C. Civ. R. 81(a)(1) was amended to read:

These rules do not apply to the beginning and conducting of the following actions and proceedings in the District Court:

(1) Actions under the statutory small claims procedure except as incorporated expressly or by analogy in the Maine Rules of Small Claims Procedure.

The exact language of the amended D.C. Civ. R. 81(a)(1) now appears in M.R. Civ. P. 81(b)(2)(A).[2] We have not determined the effect that the Maine Rules of Small Claims Procedure and the amendment to D.C. Civ. R. 81(a)(1), now M.R. Civ. P. 81(b)(2)(A), may have had on the holding in *Murphy*.

[¶ 8] The purpose of small claims procedure has not changed since *Murphy, see* 14 M.R.S.A. § 7481, and has been reiterated in M.R.S.C.P. 1.[3] What has changed since *Murphy* is the adoption of Rules 9 and 15 in the Maine Rules of Small Claims Procedure. Rule 9 provides: "On the written request of a party setting forth reasons showing good cause, the court may, with or without hearing, correct, or relieve a party from, the effect of a judgment in accordance with Rule 60 of the Maine Rules of Civil Procedure." The advisory committee's note to Rule 9 states: "This rule incorporates the provisions of M.R.C.P. 60 for correction of or relief from a judgment, specifying a simplified and flexible procedure for the request. The rule applies to default judgments, as well as to judgments on the merits." M.R.S.C.P. 9 original advisory committee's note.

[¶ 9] Rule 15 provides, in pertinent part: When no procedure is specifically prescribed by these rules, the court shall proceed in a manner consistent with analogous provisions of the Maine Rules of Civil Procedure ... bearing in mind the purpose of the Small Claims Court Act to provide "a simple, speedy and informal court procedure for the resolution of small claims."

The advisory committee's note to Rule 15 states:

This rule is derived from M.R.C.P. 81(f), with two significant differences: (1) Under the present rule when no procedure is applicable, the court should look first to analogous provisions of the Maine Rules of Civil Procedure and District Court Civil Rules before developing a different mode of proceeding to deal with a situation not covered herein. (2) The present rule emphasizes the special purposes of small claims proceedings by direct quotation of the Small Claims Court Act, 14 M.R.S.A. § 7481. See also Rule 1. *The court should not use*

---

**2.** The District Court Civil Rules were merged into the Maine Rules of Civil Procedure in 1987.

**3.** Maine Rule of Small Claims Procedure 1 states:

These rules govern the procedure in all small claims actions in the District Court and on appeal in the Superior Court. They shall be construed to secure the just, speedy, and inexpensive determination of every action in a simple and informal way.

*Rule 15 to import into the Rules of Small Claims Procedure procedural devices that are not presently found in these rules or that could impose burdens upon litigants that would violate the salutary purposes of the Small Claims Court Act and these rules.*

M.R.S.C.P. 15 original advisory committee's note (emphasis added).[4]

[¶ 10] In *Melder v. Carreiro*, we construed M.R.S.C.P. 15 as incorporating M.R. Civ. P. 91(e) into small claims proceedings. 541 A.2d 1293, 1294 (Me.1988). We concluded that although there was no rule of small claims procedure covering the filing of a motion by a litigant to proceed in forma pauperis on appeal to the Superior Court from the District Court, in a small claims proceeding, the District Court retained its inherent power to waive such fees. *Id.*

[¶ 11] There are three reasons, however, why the adoption of the Maine Rules of Small Claims Procedure and the subsequent change to D.C. Civ. R. 81(a)(1), now M.R. Civ. P. 81(b)(2)(A), do not change the holding in *Murphy* that Rule 52 and Rule 59 motions are not appropriately filed in small claims proceedings in the District Court. First, the purpose of small claims procedure has not changed. Contrary to BFC's contention, small claims proceedings are unique and different from other proceedings conducted in the District Court. The Maine Rules of Small Claims Procedure reflect that the procedure in a small claims proceeding is informal. M.R.S.C.P. 1. The Maine Rules of Civil Procedure do not reflect such a purpose for the conduct of other proceedings before the District Court or proceedings before the Superior Court. M.R. Civ. P. 1.

[¶ 12] Second, the Rules of Small Claims Procedure already provide a procedure for a litigant to seek relief from a small claims judgment. Pursuant to M.R.S.C.P. 9, one may seek relief from a small claims judgment pursuant to M.R. Civ. P. 60, or one may appeal to the Superior Court pursuant to M.R.S.C.P. 11. Relief pursuant to Rule 52 or Rule 59 is not provided for.

[¶ 13] Third, the advisory committee's note to M.R.S.C.P. 15 does not support the incorporation of M.R. Civ. P. 52 and M.R. Civ. P. 59 into small claims procedure. Nor does our opinion in *Melder* suggest such an incorporation. In *Melder*, we construed M.R.S.C.P. 15 as incorporating the procedure a litigant should follow after we determined that a motion to proceed in forma pauperis to the Superior Court was available to litigants. 541 A.2d at 1294. A motion to proceed in forma pauperis has no effect on the speediness or informality of small claims procedure, nor does it impose burdens on other litigants. *See* M.R.S.C.P. 15 original advisory committee's note. In addition, proceeding in forma pauperis was already contemplated by the rules, *see* M.R.S.C.P. 2(b); the small claims rules simply did not explicitly explain how to proceed in forma pauperis on appeal. In contrast, were M.R.S.C.P. 15 to be construed as incorporating motions pursuant to M.R. Civ. P. 52 and M.R. Civ. P. 59 into the Rules of Small Claims Procedure, M.R.S.C.P. 15 would "import into the Rules of Small Claims Procedure procedural devices that are not presently found in these rules [and] that could impose burdens upon litigants that would violate the salutary purposes of the Small Claims Court Act and these rules."

---

4. Maine Rule of Civil Procedure 81(f) reads the same as it did when the advisory committee note was written: "When no procedure is specifically prescribed, the court shall proceed in any lawful manner not inconsistent with the Constitution of the State of Maine, these rules or any applicable statutes."

M.R.S.C.P. 15 original advisory committee's note.

[¶ 14] Accordingly, motions made pursuant to M.R. Civ. P. 52 and M.R. Civ. P. 59 are not available to litigants in a small claims proceeding, and do not stay the appeal period provided for in M.R.S.C.P. 11.[5] BFC's appeal to the Superior Court and request for a jury trial de novo was untimely because it was made outside the thirty-day period provided for by that rule.

The entry is:

The judgment of the Superior Court is vacated. Remanded to the Superior Court for the entry of a judgment of dismissal.

---

**5.** M.R.S.C.P. 11(a) provides in pertinent part: The time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from, except that upon a showing of excusable neglect the court may extend the time for filing the notice of appeal for up to 30 days from the expiration of the original time set by this rule.