STATE OF MAINE
ANDROSCOGGIN, ss.

RECEIVED & FILED

SUPERIOR COURT
DOCKET NO. AUBSC-AP-16-2

CHARLEEN TYRA,

SEP 19 2016

ANDROSCOGGIN
SUPERIOR COURT

Plaintiff,

v.

MAURICE BLONDIN,

Defendant.

)
)
)
)
)
)
)
)
)
)

ORDER TO DENY DEFENDANT'S
MOTION TO ALTER OR AMEND
JUDGMENT (M.R.CIV.P. 59(E))

Defendant Maurice Blondin moves to amend or alter a Superior Court order denying his jury trial de novo request to appeal an adverse decision rendered against him in Small Claims Court. The court has reviewed the parties' filings. Based on the following, Blondin's motion is denied.

I. Factual and Procedural Background

On August 14, 2016, Plaintiff Charleen Tyra filed a Statement of Claim in the Small Claims Court against her neighbor, Maurice Blondin. Tyra alleged that, as the result of her 2013 request for Blondin to remove wind chimes, Blondin had engaged in harassment, stalking, invasion of her privacy, and had caused her pain and suffering and the loss of the right of quiet enjoyment of life. (Pl.'s Compl.) After a hearing on November 12, 2015 where both Tyra and Blondin appeared pro se, the Small Claims Court found in favor of Tyra. The court held that Blondin had intentionally engaged in nuisance to cause Tyra discomfort and harassment, and awarded her monetary damages in the amount of $5,000. (Small Claims Court Tr. 42.)

On December 4, 2015, Blondin filed a Notice of Appeal requesting a jury trial de novo. Blondin alleged, *inter alia*, that his conduct did not amount to a nuisance and that his actions were not intentional. (Def.'s Notice of Appeal.) On May 9, 2016, the Superior

Court denied Blondin's request for a jury trial on the grounds that there was not a genuine issue of material fact as to which there was a right to trial by jury. On May 19, 2016, Blondin, now represented by counsel, filed a motion, pursuant to Maine Rules of Civil Procedure 59(e), to amend the Superior Court's order denying his jury trial de novo request.

## II. Standard of Review

The Law Court has stated that a trial court's decision to deny or grant a request for a jury trial de novo is akin to a decision to grant or deny a motion for summary judgment "because both involve a determination that no genuine issue of material fact exists." *Darling's Auto Mall v. GM LLC*, 2016 ME 48, ¶ 10, 135 A.3d 819. "[A] fact is material if it could potentially affect the outcome of the case." *Reliance Nat'l Indem. v. Knowles Indus. Servs.*, 2005 ME 29, ¶ 7, 868 A.2d 220. A genuine issue of material fact exists where the fact finder must choose between competing versions of the truth. *Id.* (citing *Univ. of Me. Found. v. Fleet Bank of Me.*, 2003 ME 20, ¶20, 817 A.2d 871). When deciding a motion for summary judgment, the court reviews these materials in the light most favorable to the non-moving party. *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821.

When the trial court has choices, judgmental decisions are reviewed according to the "abuse of discretion" standard of review. *Sager v. Town of Bowdoinham*, 2004 ME 40, ¶ 11, 845 A.2d 567. Exceeding the bounds of discretion may be found when a court, in discretionary decision-making: "(1) considers a factor prohibited by law; (2) declines to consider a legally proper factor under a mistaken belief that the factor cannot be considered; (3) acts or declines to act based on a mistaken view of the law; or (4) expressly or implicitly finds facts not supported by the record according to the clear error standard of review." *Smith v. Rideout*, 2010 ME 69, ¶ 13, 1 A.3d 441.

III. Discussion

A. Superior Court's Denial of Blondin's Request for a Jury Trial De Novo

The Small Claims Court determined there were sufficient facts to support a finding of intentional nuisance to cause discomfort and harassment to Tyra. (Small Claims Court Tr. 42.) Tyra testified that Blondin had a noisy wind chime on his property, (*Id.* 5); that after she asked him to remove it, he instead installed more wind chimes which he rattled when there was no wind, (*Id.* 9); that he threw brush and trash on the hill between their properties, (*Id.* 7); that he drove slowly by her property and made eye contact with her, (*Id.* 13); and, that he urinated outside his home in her direction within her eyesight, (*Id.* 15-16.) Tyra also testified that Blondin built a platform on which he could see over a fence that Tyra installed, (*Id.* 24) and provided the court with pictures of the platform. Tyra's witness, a friend and co-worker, testified that Blondin had stared at her and Tyra as they ate lunch in Tyra's back yard, (*Id.* 27); stared at her over Tyra's fence from atop the platform on two occasions when she took care of Tyra's cats, (*Id.* 27-28); and, that she had heard a "terrible noise" emanating from a homemade metal window chime on Blondin's property, (*Id.* 28-29.) In his testimony, Blondin did not dispute any of the statements made by Tyra or her witness.

Given the ample statements of Tyra, and her witness about Blondin's conduct, along with Blondin's failure to challenge the truth of these statements, this court's declines to amend it's prior determination that there are no outstanding "genuine issues of material fact" to support a jury trial subsequent to the Small Claims Court's judgment in favor of Tyra,

B. Propriety of Defendants Rule 59(e) Motion

A secondary issue is whether it was proper for Blondin to file a Rule 59(e) motion to alter or amend the Superior Court's decision to deny his request for a jury trial de

novo. In *Thomas v. BFC Marine/Bath Fuel Co.*, the Law Court reviewed the procedure in a small claims case, where a pro se defendant, after receiving an adverse judgment, then hired a lawyer and directly filed a motion to amend and for findings of fact pursuant to M.R. Civ. P. 52 and M.R. Civ. P. 59. *Thomas v. BFC Marine/Bath Fuel Co.*, 2004 ME 27, ¶ 2, 843 A.2d 3. The Court stated that small claims proceedings are "unique and different from other proceedings conducted in the District Court and "informal," and that the Rules of Small Claims Procedure already provide a procedure for litigants to seek relief from small claims judgments. *Thomas*, 2004 ME 27, ¶¶ 11-12, 843 A.2d 3. The Court, therefore, held that motions made pursuant to M.R. Civ. P. 52 and M.R. Civ. P. 59 are not available to litigants in small claims proceedings. *Thomas*, 2004 ME 27, ¶ 14, 843 A.2d 3.

Here, Blondin filed a motion pursuant to Rule 59(e) challenging the court's order to deny his request for a jury trial de novo. The motion was not based on the underlying judgment of the small claims court as in *Thomas*. Had Blondin been successful in persuading the court that its prior decision should be amended, the question would arise as to the propriety of Blondin's Rule 59(e) motion.

The District Court in the underlying case in *Thomas* denied the defendant's Rule 59 appeal of the small claims court's decision because it represented the sort of "lawyering up" after an unsatisfactory result in order to re-litigate an entire case over again that was not the intent of the Legislature "where parties come into the Small Claims forum." *Thomas*, 2004 ME 27, ¶ 2, 843 A.2d 3. As this issue is not material to the court's decision, the court declines to address whether Blondin's Rule 59(e) appeal was proper at this time.

## IV. Conclusion

This court denies Blondin's motion to amend or alter the Superior Court order denying his jury trial de novo request.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 9/19/16

MaryGay Kennedy
Justice, Superior Court

Androscoggin                Docket No. AP-16-02
                            County

Action:  Small Claims Appeal

CHARLEEN TYRA                    VS.              MAURICE BLONDIN
120 Summer Street
Lewiston, ME  04240

                          vs.

_____

Plaintiff's Attorney                                Defendant's Attorney

                                                    John D. Clifford, V, Esq.

Pro se

Date of Entry
_____

2016
Jan 14      Received 01-14-16:
            Notice of Appeal Small Claims filed.
            The defendant does not request a jury trial de novo.

Jan 15      On 01-15-16:
            Notice and Briefing Schedule filed.
            Appellant's Brief is due on or before February 25, 2016.
            Copies to parties.

Jan 22      On 01-22-16:
            Amended Notice of Appeal filed.
            Defendant does request jury trial de novo.

Jan 25      Received 01-25-16:
            Transcript of District Court proceedings filed.

"     "     On 01-25-16:
            Notice to Parties Small Claims Appeal filed.
            Copies mailed to parties.

Feb 5       Received 02-05-16:
            Respondent's response to jury trial.

"     "     File given to Justice Kennedy for Review.

May 9       Received 05-09-16:
            Order on Jury Trial Request (small claims) filed. (Kennedy, J.)
            It is Ordered and the entry will be:
            Appellant's request for trial by jury is denied.  Appellant's appeal is
            Dismissed.  It is ORDERED that the case is remanded to the District Court for
            Final judgment.
            Copies to parties on 5-9-16.