STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         DOCKET NO. AP-16-0032

ROWELL, LLC                          )
                                     )
            Appellee,                )
                                     )         **ORDER**
      v.                             )
                                     )
11 TOWN, LLC                         )
                                     )
            Appellant.               )


I.    **Background**

      A. **Procedural History**

      This case arises out of a Forcible Entry and Detainer Action that Appellee Rowell, LLC

filed with the Maine District Court in Biddeford on December 16, 2016. Rowell had leased the

premises in question, 111 Elm St., Biddeford, to Appellant 11 Town, LLC. After a final hearing

on January 8, 2017, the District Court entered a default judgment against 11 Town for possession

of the premises. The history of this case following the default judgment is long and involves

multiple procedural issues.

      Appellant then filed a notice of appeal with this Court, which was denied on March 18,

2016. Appellant also filed motions to vacate the judgment with this Court as well as the District

Court, both of which were denied. After the Superior Court sent the case back to the District

Court, the District Court issued a writ of possession on May 24, 2016.

      Then, on May 26, 2016, Appellant filed a motion to stay writ of possession and another

motion to vacate the judgment with the District Court. The District court denied the motion to

stay as moot because the writ had already been issued and again declined to vacate the judgment

because it had already denied Appellant's previous motion to do so.

1

On July 26, 2016, Appellant then filed an emergency motion in the District Court for an order allowing it to access the premises to retrieve loaned equipment and personal property. Again, the District Court denied this motion as moot. Another emergency motion was then filed with the District Court asking owners of equipment not belonging to Appellant be allowed access to the premises to recover their property. The District Court likewise dismissed this emergency motion as a duplicate of the previous motion.

Appellants appealed the District Court's denial of the second emergency motion to this Court on August 22, 2016. The appeal used an incorrect form and removed language indicating that Appellants desired a *de novo* trial "by right by a jury." Form CV-187. On September 26, 2016, this Court denied the request for an apparent bench trial because of the removal of the jury trial language, but stated that Appellant had alleged an error of law as an independent ground for appeal and ordered that the matter would be heard as an appeal on issues of law only.

Following this order, Appellant filed an amended notice of appeal on September 30, 2016, which amended the form to indicate that Appellant sought a jury trial and requested a hearing. This Court then ordered a Notice and Briefing Schedule, requiring Appellant to file its appellate brief no later than 40 days after November 1, 2016 and a statement in lieu of a transcript by October 31, 2016. Appellant filed its statement in lieu of a transcript on October 31. However, the statement did not comply with the rules, including the facts which had never been presented to the District Court. Consequently, Appellee filed an objection to this statement, to which Appellant replied.

Appellant has not since filed its appellate brief with this Court and has not submitted the proper form for appeal from a Forcible Entry and Detainer action, Form CV-206. Appellee then

filed the instant Motion to Dismiss and for the Imposition of Sanctions. A hearing on this Motion was held on October 6, 2017 where both parties were present.

## II. Discussion

### A. Motion to Dismiss

In its Motion to Dismiss, Appellee argues five different grounds for dismissal: (1) this Court lacks jurisdiction; (2) Appellant has not properly perfected its appeal; (3) the District Court lacked subject matter jurisdiction to grant the relief requested in Appellant's most recent emergency motion; (4) Appellant lacks standing to pursue the relief sought; and (5) Appellant has failed to comply with procedural requirements.

The Superior Court has jurisdiction to hear appeals brought in Forcible Entry and Detainer Actions. 4 M.R.S.A. § 105(3)(B)(1); 14 M.R.S.A. § 6008; 4 M.R.S.A. § 1901(2). Under 14 M.R.S.A. § 6008, the time for appeal "expires upon the issuance of the writ of possession . . . or 30 days from the time that judgment is entered, whichever occurs first." These time requirements are jurisdictional, and a Court does not retain jurisdiction over an untimely appeal absent tolling or valid enlargement of time. *Thomas v. BFC Marine/Bath Fuel Co.*, 2004 ME 27, ¶ 5, 843 A.2d 3 (citing *Town of S. Berwick Planning Bd. v. Maineland, Inc.*, 409 A.2d 688, 689 (Me. 1980)).

Appellant has failed to properly perfect its appeal as it used the incorrect form in its appeal (Form CV-187 instead of Form CV-206). Further, the Appellant lacks standing to bring this motion on behalf of its creditors. *Stull v. First Am. Title Ins. Co.*, 2000 ME 21, ¶ 11, 745 A.2d 975 ("Litigants normally may not assert the rights of third parties but must demonstrate that they have received some particularized injury in order to have standing to raise their claim."). Additionally, Appellant failed to properly file its statement in lieu of transcript and the

information contained therein was not properly before the District Court when it denied the instant emergency motion. Appellant has also never filed a brief on appeal with this Court.

Because there has been no tolling or valid enlargement in this case, the Court lacks jurisdiction to hear the instant appeal. The additional lack of standing and myriad procedural issues further warrant dismissal of this appeal. Therefore, Appellee's Motion to Dismiss is granted. Further, given Appellant's history of burdensome and inappropriate filing, Appellee need not respond to any pleadings that Appellant files in the future absent a Court order.

### B. Motion for Sanctions

In addition to moving to dismiss, Appellee has moved to sanction Appellant under Rule 11 for filing this appeal. Under Rule 11, "If a pleading or motion is signed with intent to defeat the purpose of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, upon a represented party, or upon both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading or motion, including a reasonable attorney's fee." M.R. Civ. P. 11(a).

Appellee has demonstrated that the instant Second Emergency Motion and subsequent appeal, as well as Appellant's prior motions and attempts to appeal, are frivolous and have no good faith basis to be brought. Appellant's response to Appellee's motion to dismiss further failed to address any of the issues that Appellee raised. Thus, this Court finds that sanctions under M.R. Civ P. 11(a) are appropriate. Appellant is ordered it to pay all of Appellee's attorney's fees and costs to oppose the instant appeal as long as Appellant submits an affidavit indicating that the fees it requests are reasonable.

### C. Attorney Jeffrey Bennett's Motion to Withdraw

4

On September 28, attorney Jeffrey Bennett, who had represented Appellant in the underlying Forcible Entry and Detainer Action, filed a motion to withdraw as counsel. Attorney Bennett did not file a notice of appearance with this Court and never acted on behalf of the Appellant in this appeal. This Court considers the instant appeal taken on a pro se basis by the Appellant. To the extent that attorney Bennett still represented the Appellant in this matter, his motion to withdraw is granted.

### III.  Conclusion

For the foregoing reasons, Appellee Rowell, LLC's motions to dismiss and for the imposition of sanctions are hereby granted. Attorney Jeffrey Bennett's motion to withdraw is also granted.

The clerk shall make the following entries on the docket:

Appellee Rowell, LLC's motion to dismiss is hereby GRANTED.

Appellee Rowell, LLC need not respond to any of Appellant's future pleadings absent a Court order instructing it to do so.

Appellee Rowell, LLC's motion for imposition of sanctions is hereby GRANTED. Appellant is ordered to pay the Appellee's reasonable attorney's fees in litigating this appeal. Payment shall be submitted to the court following the court's approval of an affidavit and bill of costs to be submitted by the Appellee.

Attorney Jeffrey Bennett's motion to withdraw is hereby GRANTED.

SO ORDERED.

DATE: OCTOBER _10_, 2017

ENTERED ON THE DOCKET ON: _10/10/17_

John O'Neil, Jr.
Justice, Superior Court

5