STATE OF MAINE                                          SUPERIOR COURT
KENNEBEC, ss.                                           CIVIL ACTION
                                                        DOCKET NO. CV-22-93

SUSAN HAWES,                      )
                                  )
          Plaintiff/Appellant,    )
                                  )
     v.                           )              **ORDER ON PLAINTIFF'S**
                                  )              **STATEMENT OF POSITION**
                                  )
MAINE PUBLIC EMPLOYEES            )
RETIREMENT SYSTEM,                )
                                  )
          Defendant/Appellee.     )

Plaintiff Susan Hawes seeks relief from the final judgment in this case. For the following reasons, the plaintiff's request is denied.

## PROCEDURAL HISTORY

This case, involving an appeal pursuant to the Maine Freedom of Access Act ("FOAA"), 1 M.R.S. § 400 *et seq.*, was consolidated with a related FOAA case involving the same parties and docketed as KEN-CV-21-207. The court[1] conducted oral argument on July 18, 2022, but did not hold an evidentiary hearing. In a decision and order dated October 21, 2022, the court denied in its entirety the plaintiff's FOAA appeal in CV-21-207 and denied all but Count Six of the appeal in this docket number. The court ordered Defendant Maine Public Employees Retirement System ("MPERS") to produce certain of the documents at issue in Count Six to the court for *in camera* review.

---

[1] Justice Stokes conducted the argument and issued the previous orders referenced in this order.

1

On November 28, 2022, the court issued a supplemental order denying the plaintiff's FOAA appeal as set forth in an amended complaint. The court continued to reserve decision on Count Six and ordered MPERS to produce to the court additional information relevant to that count.

On December 8, 2022, the plaintiff filed a "Statement of Position" in CV-21-207 only, in which she asked the court to hold an evidentiary hearing. The court denied the request on December 16, 2022.

In a second supplemental decision dated December 29, 2022, and filed only in CV-22-93, the court denied Count Six, thereby resolving all the pending counts in the consolidated cases.

The plaintiff filed the present motion on January 9, 2023.[2]

## DISCUSSION

The plaintiff styles her request as a "Statement of Position." She asks the court to (1) conduct an evidentiary hearing and (2) consider additional documents, which she has appended to her motion.

Where, as here, a party does not cite to a specific authority or procedural rule for its motion,[3] the court looks to the relief requested to determine how to classify it. *See Levesque v. Levesque*, 1997 ME 166, ¶ 9, 697 A.2d 1309. Here, given that the court previously issued final judgments denying both of plaintiff's FOAA appeals,

---

[2] It appears that this motion was not presented to Justice Stokes prior to the date on which he assumed active retired status. The outstanding motion was only recently brought to the attention of the undersigned.

[3] A movant is required to "state with particularity...the rule or statute invoked if the motion is brought pursuant to a rule or statute." M.R. Civ. P. 7(b)(1).

the court construes the plaintiff's request as one for relief from judgment pursuant to M.R. Civ. P. 60(b). *See Merrill v. Merrill*, 449 A.2d 1120, 1125 (Me. 1982) (Rule 60(b) "permits the court...to relieve a party from final judgment for any of the six reasons articulated in the rule").

First, the plaintiff asserts that the court committed "an error of law" by failing to conduct an evidentiary hearing. She particularly identifies a need for such a hearing on Count Two of CV-21-207. As noted above, after final judgment was issued in CV-21-207, the court considered and rejected the plaintiff's subsequent request for an evidentiary hearing. The court will not entertain that post-judgment request a second time. To the extent the plaintiff's request also pertains to CV-22-93, she has not identified any specific deficiencies in the process the court used to adjudicate her FOAA claims. *See Dubois v. Dep't of Agric., Conservation & Forestry*, 2018 ME 68, ¶ 12, 185 A.3d 743 (finding that "[trial] court acted well within its discretion by creating a fair process for all of the parties to present information that, although not including an opportunity for cross-examination, would create a meaningful and sufficient record on which the court could adjudicate the FOAA claim").

Second, the plaintiff attaches to her request three e-mails that she "wishes to bring to the Court's attention." She does not explain, however, why these e-mails should cause the court to reconsider its previous decisions. The e-mails appear to have some relevance to the court's order allowing MPERS to redact certain information from a contract that it disclosed in connection with one of the plaintiff's

3

FOAA requests, but beyond that the court is left to guess as to the significance of this new information. This is not a sufficient basis on which to order relief from judgment.

The entry is:

Plaintiff's request for relief in her Statement of Position dated January 9, 2023, is DENIED.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 9/26/23

_____
Julia M. Lipez
Justice, Superior Court