STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Civil Action
Docket No. AP-23-20

LIBERTY BELL MOVING AND
STORAGE,

      Plaintiff,

v.

KYTRINA WISE,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON
SMALL CLAIMS APPEAL**

Before the court is Plaintiff-Appellant Liberty Bell Moving and Storage's ("Liberty Bell") appeal of a small claims judgment entered in its favor April 18, 2023, and against Defendant-Appellee Kytrina Wise ("Wise") by the Portland District Court (*Darvin, J.*). Liberty Bell argues that the District Court misapplied provisions of the Maine Consumer Credit Code when it reduced the damages awarded to Liberty Bell. For the reasons discussed below, Liberty Bell's appeal is granted and the District Court's judgment is vacated and the matter is remanded.

## I.    Facts

The facts relevant to disposition of this appeal are as follows.

Liberty Bell filed its Statement of Claim in the Portland District Court on March 2, 2023, requesting a judgment against Wise in the amount of

1

REC'D CUMB CLERKS OF
SEP 28 '23 PM2:04

$2,826.79. (Statement of Claim 1.) The Statement of Claim alleges that Wise hired Liberty Bell for moving services, Liberty Bell rendered the services in full, and that Wise refused to pay pursuant to "the signed contract." (Statement of Claim 1.)

A hearing on Liberty Bell's small claims action against Wise was held on April 13, 2023. (Notice of J.) Liberty Bell's representative, Kevin Finkenauer ("Finkenauer") appeared on its behalf. (R. 3.) Wise failed to appear after being served with Liberty Bell's Statement of Claim. (Notice of J.; Statement of Claim 3.) At the hearing, the District Court received and admitted four exhibits: Exhibit A, a pricing email; Exhibit B, an "order for service;" Exhibit E, a bill of lading; and Exhibit G, an email to Wise with an image embedded purporting to establish Wise's agreement to the terms of service. (Exs. A, B, E, G; R. 7, 9-10.) After a brief exchange between the court and Finkenauer, the court stated on the record: "I'll take a look at [the exhibits], I'll enter a judgment in your favor, and review the amount" before taking the matter under advisement. (R. 10.)

Exhibit G, an email to Wise warning that the email was the last Wise would receive before Liberty Bell filed a small claims matter, contains an embedded image with the contract language following "Charges to be Paid" and shows Wise's electronic signature, timestamped as signed on December 10, 2019. (Ex. G.) The "Charges to be Paid" language reads as follows:

> In cash, check or credit card made payable to Liberty Bell Moving & Storage. Payment will be made IN FULL, before unloading any belongings with no exceptions for late start times, damage, or otherwise. . . . Your balance will be subject to a 2.5% late fee on the balance due. The 2.5% is the figured [sic] on the balance due at the end of each day you don't pay your balance. You will receive

2

this email for 30 days. At which point, your account will be turned over to collections, and the balance in full will be due including all late fees.

(Ex. G.) Exhibit E, the bill of lading, states that Wise's amount due with cash payment is $1180.44, the amount due with credit card is $1,221.76, and the amount due with interest is $2,826.79. (Ex. E 3-4.)

The court issued a Notice of Judgment on April 18, 2023, rendering judgment to Liberty Bell by default and awarding damages in the amount of $1,188 and costs in the amount of $70. The court's Notice of Judgment states: "[e]ven assuming the parties have a valid enforceable contract (Ex. B), the interest rate charged by plaintiff violates the Uniform Consumer Credit Code (9-A M.R.S. § 2-201 et seq.) and is unenforceable. Therefore no prejudgment interest or other costs are allowed." (Notice of J.)

## II.    Standard of Review

"The Superior Court has specific but limited appellate authority in small claims matters." *Cote v. Vallee*, 2019 ME 156, ¶ 9, 218 A.3d 1148. When the plaintiff appeals the district court's decision, the Superior Court's review is limited to questions of law, and it has no authority to make independent factual findings. M.R.S.C.P. 11(d)(1); *Taylor v. Walker*, 2017 ME 218, ¶¶ 5-6, 10, 173 A.3d 539.

Motions for further findings of fact and conclusions of law under M.R. Civ. P. 52 are not available to litigants in a small claims matter, *Thomas v. BFC Marine/Bath Fuel Co.*, 2004 ME 27, ¶ 14, 843 A.2d 3, therefore the Court

3

assumes that the lower court made the necessary findings to support the judgment. *C.f. Daggett v. Sternick*, 2015 ME 8, ¶ 7, 109 A.3d 1137 (when motions for further findings of fact and conclusions of law are available but the parties do not file such a motion, the appellate court assumes the court below considered competent evidence in the record to support the judgment).

## III. Discussion

Liberty Bell argues on appeal that the District Court erred when it awarded Liberty Bell damages that did not include Liberty Bell's "compound interest late fees." (Appellant's Br. 2-3.) The District Court based its measure of damages on a determination that the interest rate charged violates the Maine Consumer Credit Code and accordingly that portion of the amount due that represents the compounding interest late fee is unenforceable. (Notice of J.) Liberty Bell argues that this was an error of law because Liberty Bell did not grant any credit to Wise, therefore the Maine Consumer Credit Code does not apply to its contract with Wise and its recovery cannot be reduced on that basis. (Appellant's Br. 3-4.) Wise did not submit any briefing to the Court on Liberty Bell's appeal.

Part two of the Maine Consumer Credit Code, cited as the District Court's basis for reducing damages, applies to "consumer credit sales." 9-A M.R.S. § 2-102. The Code defines "consumer credit sale" as follows:

> [A] sale of . . . services . . . in which:
> (1) Credit is granted either pursuant to a credit card other than a lender credit card or by a seller who regularly engages as a seller in credit transactions of the same kind;

4

(2) The buyer is a person other than an organization;

(3) The goods, services or interest in land are purchased primarily for a personal, family or household purpose;

(4) Either the debt is payable in installments or a finance charge is made; [and]

(5) With respect to a sale of goods or services, not including manufactured housing or a motor vehicle, the amount financed does not exceed $50,000 . . . .

*Id.* § 1-301(11). The Code provides that:

"Credit" means the right granted by a creditor to a consumer to defer payment of an obligation, to incur an obligation and defer its payment or to obtain possession of property or the benefit of services and defer payment therefor pursuant to an agreement which includes, but is not limited to, a sale of goods, a sale of an interest in land, a sale of services or a loan.

*Id.* § 1-301(15). In order to determine whether the Maine Consumer Credit Code applies, the Court must evaluate whether Liberty Bell extended credit to Wise when it contracted with Wise to provide her with moving services.

This Court assumes that the District Court found a valid contract between Liberty Bell and Wise to support its judgment in favor of Liberty Bell. *C.f. Daggett*, 2015 ME 8, ¶ 7, 109 A.3d 1137. Exhibit B was admitted as evidence of the terms of the contract. (R. 8-9, Ex. B.) The contract clearly states that "[p]ayment will be made IN FULL, before unloading any belongings with no exceptions . . . ." (Ex. B 9.) This language does not fall under the definition of "credit" within the meaning of the Maine Consumer Credit Code because it did not grant Wise the right to defer payment on the moving services obligation. *See* 9-A M.R.S. § 1-301(15). The contract terms do not contain any language creating a creditor-debtor relationship between Liberty Bell and Wise. (*See* Ex. B.) When a transaction does not create a creditor-debtor relationship between

5

the parties, the Maine Consumer Credit Code does not apply to the transaction. *Hawkes Television, Inc. v. Maine Bureau of Consumer Credit Prot.*, 462 A.2d 1167, 1171 (Me. 1983). Because the Maine Consumer Credit Code does not apply to the moving services contract between Liberty Bell and Wise, the District Court erred when it reduced Liberty Bell's damages on the basis that the late fees violate the Code.

When a defendant to a small claims matter fails to appear at the hearing, the court may order the relief claimed by the plaintiff in the statement of claim by default after the court reviews the claim. M.R.S.C.P. 11(b). After hearing a small claims matter, the court must enter judgment for the prevailing party for the relief to which that party is entitled. M.R.S.C.P. 11(c). Although default judgment establishes liability, the amount of damages awarded is always subject to proof to be determined by the trial court. *See McAlister v. Slosberg*, 658 A.2d 658, 660 (Me. 1995); M.R. Civ. P. 55(b)(2). On remand, the District Court cannot reduce Liberty Bell's damages on the basis of the Maine Consumer Credit Code because the transaction between Liberty Bell and Wise did not extend credit to Wise. *See Hawkes Television, Inc.*, 462 A.2d at 1171. Because the District Court misapplied the Maine Consumer Credit Code, the District Court's judgment is vacated and this matter is remanded for further proceedings consistent with this decision.

## IV.  Order

Accordingly, it is hereby ordered and the entry shall be: "Judgment of the District Court is VACATED and the matter is REMANDED for further proceedings consistent herewith."

The clerk may enter this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

SO ORDERED.

Dated:  September 28, 2023

Deborah P. Cashman
Justice, Superior Court

Entered on the Docket: 10/03/2023

Plaintiff-Pro Se
Defendant-Pro Se

7