2006 ME 28

**In re AUSTIN T.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 27, 2006.
Decided: March 29, 2006.

---

Sarah E. LeClaire, Esq., Presque Isle, for appellant.

James M. Dunleavy, Esq., Dunleavy Law Offices, P.A., Presque Isle, for appellee.

G. Steven Rowe, Attorney General, Matthew Pollack, Asst. Atty. Gen., Augusta, for amicus curiae.

Kathleen T. O'Boyle, Esq., Presque Isle, for Guardian ad Litem.

Panel: CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CALKINS, J.

[¶ 1] Donna R., the mother of Austin T., appeals from the judgment entered by the District Court (Presque Isle, *O'Mara, J.*) dismissing her petition to terminate the parental rights of Melvin T., Austin's father. Donna contends that the court erred in dismissing her petition for lack of subject matter jurisdiction and lack of proper venue. We agree with Donna and vacate the judgment.

## I. BACKGROUND

[¶ 2] The following facts are taken from Donna's petition to terminate the parental rights of Melvin. Austin, who was born in 2000, lives with Donna in Presque Isle. In 2004, Melvin was sentenced to ten years incarceration to be followed by four years of probation. The sentence was imposed for convictions for several offenses, including burglary and an aggravated assault that caused life-threatening injuries to Donna. The conditions of probation include no contact with Donna or any member of her family, and any travel by Melvin within fifty miles of Donna's residence must be preapproved by the probation offi-

cer. Melvin is presently incarcerated in a Maine correctional institution.

[¶3] In spite of court orders that required Melvin to stay away from Donna prior to his incarceration, he stalked her and invaded her home. She is in mortal fear for her safety and the safety of Austin. Donna has a court order, issued pursuant to 19–A M.R.S. § 1653 (2005), granting her sole parental rights and responsibilities of Austin. The petition alleges that the court order removed custody of Austin from Melvin. Donna further alleges in the petition that termination is in the best interest of Austin and that Melvin (1) has abandoned the child; (2) is unwilling and unable to take responsibility for the child in a time reasonably calculated to meet the child's needs; and (3) is unwilling and unable to protect the child from jeopardy and these circumstances are unlikely to change within a time reasonably calculated to meet the child's needs.

[¶4] Donna, as the custodian of Austin, filed the petition to terminate Melvin's parental rights pursuant to 22 M.R.S. § 4052(1) (2005).[1] The court appointed a guardian ad litem for the child and counsel to represent Melvin. Although neither the guardian nor Melvin moved to dismiss the petition, at a case management hearing attended by all counsel, the issue of whether the court had the authority to terminate Melvin's parental rights was raised. Donna submitted a memorandum to the court on the issue, arguing that a child protection order issued pursuant to 22 M.R.S. § 4035 (2005) is not a necessary prerequisite to a petition to terminate parental rights when the petitioner has been grant-

ed sole parental rights and responsibilities by an order issued pursuant to 19–A M.R.S. § 1653.

[¶5] The court dismissed the petition. Donna moved for findings of fact and conclusions of law, and the court issued a decision stating its reasons for dismissing the petition. Essentially, the court concluded that because it had not issued a final child protection order pursuant to 22 M.R.S. § 4035, it did not have subject matter jurisdiction over the petition, and that because 22 M.R.S. § 4051 (2005) requires a termination petition to be filed in the same court that issued a final protection order, venue was improper. Donna appealed, and the Department of Health and Human Services was granted leave to file an amicus brief supporting Donna's position.

## II. DISCUSSION

[¶6] Although there was not a formal motion to dismiss for lack of subject matter jurisdiction, the court treated the issue as though a Rule 12(b)(6) motion had been filed. When a motion to dismiss for failure to state a claim is filed pursuant to M.R. Civ. P. 12(b)(6), we take the material allegations of a complaint as though they were admitted. *In re Wage Payment Litig.*, 2000 ME 162, ¶3, 759 A.2d 217, 220. Whether the District Court has subject matter jurisdiction to decide a petition for termination of parental rights is a question of law, and we review questions of law de novo. *See Norris Family Assocs., LLC v. Town of Phippsburg*, 2005 ME 102, ¶8, 879 A.2d 1007, 1011. We interpret statutes to give effect to the legislative intent

---

1. Melvin contends that Donna does not qualify as a custodian because she has not been awarded custody of Austin pursuant to a child protection order. "Custodian" is defined as "the person who has legal custody and power over the person of a child." 22 M.R.S. § 4002(5) (2005). A parent who is awarded sole parental rights and responsibilities of a child pursuant to 19–A M.R.S. § 1653(2)(D)(1) (2005) has legal custody of that child. Thus, Donna is Austin's custodian or custodial parent.

by viewing the plain language of the statute and considering the statutory context. *Darling's v. Ford Motor Co.,* 2003 ME 21, ¶ 7, 825 A.2d 344, 346.

[¶ 7] The parties do not dispute that the District Court has jurisdiction to decide petitions for the termination of parental rights. The actual dispute is whether Donna has met the statutory prerequisites to the filing of the petition. *See Landmark Realty v. Leasure,* 2004 ME 85, ¶¶ 7–8, 853 A.2d 749, 750–51.

[¶ 8] The statutory section entitled "Grounds for termination," 22 M.R.S. § 4055 (2005), provides that a court may issue a termination order if "[c]ustody has been removed from the parent" pursuant to 22 M.R.S. §§ 4035 or 4038, or 19–A M.R.S. §§ 1502 or 1653. 22 M.R.S. § 4055(1)(A)(1)(a), (b). In addition, unless the parent from whom custody has been removed consents to the termination, the petitioner must prove parental unfitness and that termination is in the best interest of the child. 22 M.R.S. § 4055(1)(B)(2); *In re Leona T.,* 609 A.2d 1157, 1158 (Me. 1992). Donna's petition alleges that custody was removed from Melvin pursuant to 19–A M.R.S. § 1653, that he satisfies three of the four grounds for parental unfitness, and that termination of his parental rights is in Austin's best interest.

[¶ 9] Melvin contends that because the termination statute contains a number of references to proceedings for child protection petitions and orders, *see, e.g.,* 22 M.R.S. §§ 4050, 4051, 4052(3)(D), 4055(1)(B)(2)(b)(i), (iv) (2005), a child protection order is a necessary prerequisite to filing a termination petition. However, if we were to infer this requirement, we would be impermissibly casting doubt on the very clear criteria for termination set forth in 22 M.R.S. § 4055(1). *See Darling's,* 2003 ME 21, ¶ 7, 825 A.2d at 346. If the father is correct that a termination petition may not be filed until there is a child protection order, then the provision in section 4055(1)(A)(1)(b) that allows a court to grant a termination order upon a finding that custody has been removed from a parent in an order issued pursuant to 19–A M.R.S. § 1653 would be meaningless and pure surplusage. A cardinal rule of statutory interpretation is that meaning and force must be given to all provisions in a statute if it is reasonable to do so. *Struck v. Hackett,* 668 A.2d 411, 417 (Me. 1995). The most reasonable construction is that provisions that refer to child protection petitions or orders, such as the venue provision in 22 M.R.S. § 4051,[2] apply only in those cases that begin with a child protection petition. In cases such as this, however, where there was no child protection petition, these provisions are not relevant and do not apply.

[¶ 10] The end result of a child protection petition and the jeopardy hearing that follows the petition is to determine whether the child can remain safely in the custody of a parent. In this case, the custody determination has already been made pursuant to 19–A M.R.S. § 1653. To require the filing of a child protection petition and a jeopardy hearing would needlessly delay the process. Such a delay would be inconsistent with the expressed intent of the Legislature. The provisions governing

---

2. Title 22 M.R.S. § 4051 (2005) is entitled "Venue," and it states:
   A petition for termination of parental rights must be brought in the court that issued the final protection order. The court, for the convenience of the parties or other good cause, may transfer the petition to another district or division. A petition for termination of parental rights may also be brought in a *Probate Court* as part of an adoption proceeding as provided in Title 18–A, article IX, when a child protective proceeding has not been initiated.

termination of parental rights emphasize stability and permanency for children. 22 M.R.S. § 4050; *see also In re Thomas H.,* 2005 ME 123, ¶ 29, 889 A.2d 297, 307. They are to "[b]e liberally construed to serve and protect the best interests of the child." 22 M.R.S. § 4050(4). Requiring these parties to go through a full child protection proceeding is not consistent with either liberal construction or the child's best interest.

[¶ 11] In his brief to this Court, Melvin contends that terminating his parental rights without a prior child protection order is a violation of his due process rights. Melvin failed to raise this issue in the District Court, and, therefore, we do not address it except to note that he will receive all of the procedural protections outlined in the termination statutes. *See* 22 M.R.S. § 4053 (2005) (requiring service and notice); 22 M.R.S. § 4054 (2005) (requiring a hearing before parental rights may be terminated); 22 M.R.S. § 4055(1)(B)(2) (requiring the clear and convincing burden of proof).

[¶ 12] In summary, the court did not lack subject matter jurisdiction or proper venue. Because the mother's petition alleged all the statutory prerequisites to termination pursuant to 22 M.R.S. § 4055(1), the court erred in dismissing her petition.

The entry is:

Judgment vacated.