MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2021 ME 29
Docket:        Wal-20-278
Submitted
  On Briefs: April 21, 2021
Decided:       May 18, 2021

Panel:         MEAD, GORMAN, JABAR, HUMPHREY, and CONNORS, JJ.

ADOPTION BY TAMRA M.

JABAR, J.

[¶1]  The mother of the child appeals from a judgment of the Waldo County Probate Court (*Ociepka, J.*) denying her petition for termination of the parental rights of the father, which she filed in conjunction with her petition for adoption pursuant to 18-C M.R.S. § 9-204(1) (2021).  The mother contends that the court misinterpreted the newly revised probate statute, and the court erred in failing to issue a default judgment terminating the father's rights when he failed to appear.[1]  We affirm the judgment.

---

[1]  The mother raises two additional issues on appeal that we conclude are not persuasive and do not address in detail.  First, she challenges the court's denial of her motion to transfer the matter to the District Court; however, M.R. Prob. P. 71B(a) requires a transfer only when a related case is pending in the District Court, which, as evidenced by the jurisdictional affidavit she filed, was not the case.  Second, she challenges the court's denial of her request for a name change for the child.  Because the name change request was presented only as part of the adoption petition, which the court properly dismissed, there was no request for the court to address.  *See* 18-C M.R.S. § 9-301 (2021).  The mother can petition for a name change for the child pursuant to 18-C M.R.S. § 1-701 (2021).

## I. BACKGROUND

[¶2]  On February 12, 2020, the mother filed a petition for adoption and change of name with an accompanying jurisdictional affidavit in the Waldo County Probate Court pursuant to 18-C M.R.S. §§ 9-301, 9-303 (2021).  On February 18, 2020, the mother filed a petition for termination of the father's parental rights in the adoption matter pursuant to 18-C M.R.S. § 9-204(1).[2]

[¶3]  In July 2020, the father had not responded to any of the notices of the petitions, and the mother filed a motion for service by publication, which the court granted.  On September 1, 2020, the court held a hearing on the termination petition, at which the father failed to appear.  The mother presented evidence at the hearing that she and the father are the biological parents of the child.  At the close of evidence, the court requested that the mother submit closing arguments and specifically address the applicability of 18-C M.R.S. § 9-204(1).

[¶4]  On September 30, 2020, in a written order, the court dismissed the petition for termination of parental rights because the mother's "petition d[id] not seek to confirm *her* parentage status" given that "no question ha[d] been

---

[2]  A 2012 divorce judgment granted the mother and father shared parental rights and responsibilities for the child.

raised as to whether she is the mother of [the child]," and therefore the statute was not applicable to the case. *See* 18-C M.R.S. § 9-204(1).

## II. DISCUSSION

[¶5] The mother contends that the court "failed to properly interpret the newly revised probate statute." She contends that she presented sufficient uncontested evidence that "likely was sufficient to meet the legal requirements for the [t]ermination of the [father's] rights," so the court should have entered a default judgment.

[¶6] We review a court's statutory interpretation de novo with the "single goal . . . to give effect to the Legislature's intent in enacting the statute." *State v. Hastey*, 2018 ME 147, ¶ 23, 196 A.3d 432 (quotation marks omitted). In order to do that, "we first look to the plain language of the provisions to determine their meaning . . . to discern . . . the real purpose of the legislation, avoiding results that are absurd, inconsistent, unreasonable, or illogical. If the statutory language is clear and unambiguous, we construe the statute in accordance with its plain meaning in the context of the whole statutory scheme. If the plain language of a statute is ambiguous—that is, susceptible of different meanings—we will then go on to consider the statute's meaning in light of its

4

legislative history and other indicia of legislative intent." *Id.* (citations omitted) (quotation marks omitted).

[¶7]  Title 18-C M.R.S. § 9-204(1), which became effective in 2019, states in full,

> A petition for termination of parental rights may be brought in the court in which a petition for adoption is properly filed as part of that petition for adoption.  A petition for termination of parental rights *may not be included as part of a petition for adoption brought solely by another parent of the child unless the adoption is sought to confirm the parentage status of the petitioning parent.*

(Emphasis added.)

[¶8]  The plain language of the statute is clear and unambiguous—if the petition for adoption is brought solely by another parent of the child, a petition for termination of parental rights cannot be granted unless the adoption is sought to confirm the parentage status of the petitioning parent.

[¶9]  Here, the mother brought the petition seeking to terminate the father's parental rights, not to confirm her own parentage status.  Although, as the court determined, the mother appears to have brought the petition in good faith to support the child's wishes to terminate a connection to her birth father, the court cannot act outside the limits of its statutory authority.  *See* 18-C M.R.S. § 9-204(1).

[¶10]  We affirm the court's interpretation of the statute and affirm the denial of the default judgment because the Probate Court properly concluded that it lacked the authority to terminate the father's parental rights in this matter.

The entry is:

Judgment affirmed.

---

Joseph M. Baldacci, Esq., and Jeremiah Rancourt, Esq., Bangor, for appellant mother

Waldo County Probate Court docket number A2020-1543
FOR CLERK REFERENCE ONLY