MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2024 ME 47
Docket:        Yor-23-490
Submitted
  On Briefs:   April 24, 2024
Decided:       July 2, 2024

Panel:         STANFILL, C.J., and HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

## ADOPTION BY JOSEPH R. et al.

DOUGLAS, J.

[¶1] Joseph R. and his wife (the petitioners) appeal from a judgment entered by the York County Probate Court (*Houde, J.*) dismissing their petitions for adoption of the wife's children, change of name, and termination of parental rights. They contend that the court erred in concluding that it lacked subject matter jurisdiction to entertain their petitions. We agree and vacate the judgment.

## I. BACKGROUND

[¶2] In April 2023, the petitioners filed in the York County Probate Court petitions for adoption and change of name with respect to the mother's two minor children, ages twelve and ten, along with petitions to terminate the parental rights of the children's biological father. The mother and the biological father divorced in 2016; the divorce judgment, dated September 2016, granted the mother sole parental rights and responsibilities of the children. Since the

divorce, the biological father, who lives in Scotland, has not had contact with either the children or the mother. In October 2017, the petitioners married.

[¶3] On October 10, 2023, the court held a hearing on the petitions.[1] The court *sua sponte* questioned whether it had subject matter jurisdiction, requested further briefing, and continued the matter to November 14. The petitioners, on October 18, filed a memorandum addressing the court's jurisdiction.

[¶4] Six days later, the court entered an order dismissing the petitions for lack of subject matter jurisdiction. The court reasoned that "recent changes" made by the Legislature, in particular the enactment of 19-A M.R.S. § 1658(1-A) (2024) in 2021, "gave exclusive jurisdiction to the District Court" in cases involving one parent's attempt to terminate another parent's parental rights to a minor child and "thwarts the need for a 'pending action' analysis [pursuant to the Home Court Act, P.L. 2015, ch. 460, § 1 (effective July 26, 2016) *codified at* 4 M.R.S. § 152(5-A) (2024)]."

[¶5] The petitioners filed a motion for reconsideration. On November 9, the court scheduled a hearing on the motion for reconsideration. On the same

---

[1] The biological father filed a written opposition to the termination petitions but did not appear for the hearing despite being properly notified.

day, the petitioners timely filed their notice of appeal. *See* M.R. App. P. 2B(c). Following the hearing, the court denied the motion for reconsideration.

## II. DISCUSSION

[¶6] The petitioners contend that the Probate Court erred in construing section 1658(1-A) to divest that court of subject matter jurisdiction over termination petitions filed in conjunction with petitions for adoption.

[¶7] We review an issue of statutory interpretation de novo. *Adoption by Tamra M.,* 2021 ME 29, ¶ 6, 251 A.3d 311. The fundamental aim in interpreting a statute is "to give effect to the Legislature's intent," and we begin, as the Probate Court did here, with the provision's plain language to determine its meaning. *Id.* (quotation marks omitted); *see also State v. Hastey,* 2018 ME 147, ¶ 23, 196 A.3d 432; *Dickau v. Vt. Mut. Ins. Co.,* 2014 ME 158, ¶ 19, 107 A.3d 621. If the language "is clear and unambiguous, we construe the statute in accordance with its plain meaning"; if the language is ambiguous, we then look to other indicia of legislative intent, including legislative history. *Adoption by Tamra M.,* 2021 ME 29, ¶ 6, 251 A.3d 311.

[¶8] Section 1658(1-A) provides in relevant part: "A petition to terminate parental rights and responsibilities must be filed in the District Court and in the same case as a prior adjudication of parental rights and

responsibilities, if any." The Probate Court concluded that, based on its "plain reading of the statute, which is unambiguous," jurisdiction over this matter "properly and solely rests with the District Court," and that the Legislature intended section 1658(1-A) as a "further expansion of the District Court's jurisdiction in cases involving the termination of [] parental rights of a minor while simultaneously narrowing the jurisdiction of the Probate Court in these matters."

[¶9] The Probate Court's interpretation of section 1658(1-A) rested on a narrow, literal reading of that provision in isolation. However, "[a] plain language interpretation should not be confused with a literal interpretation." *Dickau,* 2014 ME 158, ¶ 20, 107 A.3d 621. Even in the context of a plain-language analysis, a court must consider other interpretative tools for guidance in determining the meaning and intent of a statute. *Id.* For example, a statute's language must be viewed in the context of the whole statutory scheme, *Adoption by Tamra M.,* 2021 ME 29, ¶ 6, 251 A.3d 311, along with its subject matter and purposes, *Dickau,* 2014 ME 158, ¶ 21, 107 A.3d 621; and courts should "avoid[] results that are absurd, inconsistent, unreasonable, or illogical." *Hastey,* 2018 ME 147, ¶ 23, 196 A.3d 432 (quotation marks omitted). Here, it is clear that, when viewed through a wider lens, the pertinent language

in section 1658(1-A) does not divest the Probate Court of subject matter jurisdiction in this matter.

[¶10]  We begin our analysis by noting that, with some exceptions not pertinent to the issue before us,[2] Probate Courts have "exclusive jurisdiction over . . . [p]etitions for adoption."  18-C M.R.S. § 9-103(1)(A) (2024).  Probate Courts also have "exclusive jurisdiction over . . . [t]ermination of parental rights proceedings brought pursuant to section 9-204."  *Id.* § 9-103(1)(D) (2024).  Section 9-204, which is titled, "Termination of parental rights," provides in relevant part:

> A petition for termination of parental rights *may be brought in the court in which a petition for adoption is properly filed as part of that petition for adoption.*  A petition for termination of parental rights may not be included as part of a petition for adoption brought solely by another parent of the child unless the adoption is sought to confirm the parentage status of the petitioning parent.

18-C M.R.S. § 9-204(1) (2024) (emphasis added); *see Adoption by Stefan S.*, 2020 ME 5, ¶ 23, 223 A.3d 468.  Therefore, if a petition for adoption is "properly filed"

---

[2]  The grant of "exclusive jurisdiction" over petitions for adoption in 18-C M.R.S. § 9-103(1)(A) (2024) is qualified by, and subject to, the requirements of the Home Court Act, which provides that the District Court has jurisdiction over actions "involving minors under Title 18-C", including adoptions, "if proceedings involving custody or other parental rights with respect to the minor child . . . are pending in the District Court."  4 M.R.S. § 152(5-A) (2024).  Since the sole issue on appeal is whether 19-A M.R.S. § 1658(1-A) (2024) operates independently to divest the Probate Court of subject matter jurisdiction in this matter, we do not address whether there were proceedings "pending in the District Court" which would vest jurisdiction in the District Court over this matter pursuant to the Home Court Act.

6

in the Probate Court pursuant to section 9-103(1), then the Probate Court has jurisdiction to adjudicate a termination petition filed "as part of that petition for adoption." 18-C M.R.S. § 9-204(1). Here, the court's determination that section 1658(1-A) divests the Probate Court of subject matter jurisdiction directly conflicts with the foregoing provisions in Title 18-C.

[¶11] An examination of the subject matter and purpose of section 1658, particularly in light of the 2021 amendment, makes it clear that the Legislature did not intend for section 1658(1-A) to remove subject matter jurisdiction from the Probate Court with respect to a termination petition filed as part of a petition for adoption.

[¶12] Section 1658 authorizes, and establishes a process under Title 19-A for bringing, sole-parent petitions to terminate the parental rights and responsibilities of another parent in very limited circumstances. Such a petition is authorized where it is alleged that the child was conceived as a result of a sexual assault,[3] 19-A M.R.S. § 1658(2)(A), (B), or the petitioning parent

---

[3] Section 1658 currently provides alternative grounds to a petitioner alleging the child was conceived as a result of a sexual assault. One requires a petitioner to plead and prove by a preponderance of the evidence that "[t]he parent was convicted of a crime involving sexual assault, as defined in Title 17-A, section 253, 254 or 556, or a comparable crime in another jurisdiction, that resulted in the conception of the child," 19-A M.R.S. § 1658(2)(A), (3-A)(A) (2024). The other requires a petitioner to plead and prove by clear and convincing evidence that "[t]he child was conceived as a result of an act of sexual assault, as defined in Title 17-A, section 253, 254 or 556, or a comparable crime in another jurisdiction," *id.* § 1658(2)(B), (3-A)(B) (2024).

previously was granted "exclusive" parental rights and responsibilities in an order that has been in effect for at least twelve months and termination of the other parent's parental rights "is necessary to protect the child from serious harm or the threat of serious harm,"[4] *id.* § 1658(2)(C). Read in context, section 1658(1-A) provides that when a termination petition is based on one of these limited grounds, it "must be filed in the District Court and in the same case as a prior adjudication of parental rights and responsibilities, if any." There is no mention in section 1658 of termination petitions filed in connection with adoption proceedings. Conversely, the termination petition that the petitioners filed in the Probate Court did not recite any of the grounds required under section 1658.

---

[4] The full text of subsection 1658(2)(C) provides as follows:

> **2. Grounds for petition.** The following allegations, if proven, are sufficient grounds to terminate a parent's parental rights and responsibilities under this section:
>
> . . . .
>
> **C.** A final order, other than in a protection from abuse matter under former chapter 101 or 103, that has been in effect for at least 12 months grants the petitioner exclusive parental rights and responsibilities with respect to all aspects of the child's welfare, with the exception of the right and responsibility for support, without reserving for the parent any rights to make decisions, to have access to records or to have contact with the child, and termination of the parent's parental rights and responsibilities is necessary to protect the child from serious harm or the threat of serious harm.

19-A M.R.S. § 1658(2)(C) (2024).

8

[¶13]   To the extent that there remains any perceived ambiguity that raises a question as to whether section 1658(1-A) may also have been intended to apply to termination petitions filed as part of an adoption proceeding in the Probate Court pursuant to 18-C M.R.S. § 9-103, the legislative history of section 1658, and particularly the 2021 amendment enacting section 1658(1-A), readily answers that question.

[¶14]   The Legislature enacted section 1658 in 1997.  P.L. 1997, ch. 363, § 1 (effective Sept. 19, 1997).  The purpose was to "create[] a process under which the parental rights of a parent may be terminated if that parent is convicted of a crime involving sexual intercourse that resulted in the conception of the child."  L.D. 1283, Joint Standing Committee on Judiciary, Analyst's Enacted Law Summary (118th Legis. 1997).  As originally enacted, section 1658 provided, in relevant part:

> **§ 1658.  Termination of parental rights and responsibilities upon conviction**
>
> The parental rights and responsibilities with respect to a specific child of a parent convicted of a crime involving the sexual intercourse that resulted in the conception of that child may be terminated in accordance with this section.
>
> . . . .

**2.  Petition.**  The petitioner *may file a petition with the District Court* that requests the termination of the parental rights and responsibilities of the convicted parent . . . .

P.L. 1997, c. 363, § 1 (emphasis added).

[¶15]  The statute was repealed and replaced in 2015 to specify more precisely which sexual assault convictions under Title 17-A could serve as a basis for a termination petition and to add an alternative ground that does not require that the perpetrating parent have been convicted of a sexual assault resulting in the conception of the child.  The new enactment also carried forward the requirement that such a petition be filed in District Court:

**2. Petition.**  The petitioner *may file a petition with the District Court* that requests the termination of the parental rights and responsibilities of the parent and alleges:

A.  That the parent was convicted of a crime involving sexual assault, as defined in Title 17-A, section 253, 254 or 556, or a comparable crime in another jurisdiction, that resulted in the conception of the child; or

B.  That the child was conceived as a result of an act of sexual assault, as defined in Title 17-A, section 253, 254 or 556, or a comparable crime in another jurisdiction.

P.L. 2015, c. 427, § 1 (effective July 29, 2016) (emphasis added).

[¶16]  Thus, both the original 1997 and the new 2015 versions of section 1658 specified that these petitions were to be filed in the District Court.  The 2021 enactment, while retaining the alternative statutory grounds for

termination based on sexual assault and adding the third ground discussed above, reinforced in clearer terms that the proper (and exclusive) forum for adjudicating section 1658 termination petitions is the District Court; the statute now provides a petitioner "must file" a section 1658 petition in District Court.

[¶17]   Further examination of the legislative history confirms the Legislature's intent that section 1658(1-A) applies only to termination petitions filed under section 1658, not to termination petitions filed in conjunction with an adoption proceeding under Title 18-C.  The impetus for the 2021 amendment came from the Family Law Advisory Commission, which recommended  legislation that was submitted as L.D. 1030, titled "An Act to Expand Courts' Authority to Protect Children When a Parent Has Been Awarded Sole Parental Rights and Responsibilities."  L.D. 1030 proposed to authorize, "in very limited situations, one parent to file a petition to terminate another parent's parental rights and responsibilities"—in circumstances not already provided for in section 1658 and "*outside of an adoption proceeding.*"  *See* L.D. 1030, Summary, at 5 (130th Legis. 2021) (emphasis added).

[¶18]   The Commission recommended the legislation partially in response to our decision in *In re Austin T.*, in which we held that the District Court has subject matter jurisdiction to adjudicate a parent's petition to

terminate the parental rights and responsibilities of the other parent under Title 22, subchapter IV based on the best interest factors in Title 19-A, even though no child protection petition had been filed. *See* 2006 ME 28, ¶¶ 10, 12, 898 A.2d 946; 22 M.R.S. § 4055(1)(A)(1)(b) (2024) (providing that a court may order termination of a parent's parental rights if "[c]ustody has been removed from the parent under . . . Title 19-A, section 1502 or 1653"). Because this was widely viewed as "an aspect of family law . . . needing substantial statutory clarity,"[5] the Commission proposed, and the 2021 amendment subsequently enacted, *see* P.L. 2021, c. 340, § 2 (effective Oct. 18, 2021), a new statutory basis in section 1658(2)(C) for petitions for termination of parental rights and responsibilities filed by another parent of the child—again, "*outside of the adoption context.*" Family Law Advisory Comm'n, Report to the Maine Legislature, Joint Standing Comm. on Judiciary, at 1-3 (Apr. 6, 2021) (emphasis

---

[5] Following the *Austin T.* decision, parties began filing with increasing frequency sole-parent termination petitions, causing uncertainty among clerks, family law magistrates, and judges as to how to docket, process, and adjudicate these cases in the absence of more definitive statutory guidance. Family Law Advisory Comm'n, Report to the Maine Legislature, Joint Standing Comm. on Judiciary, at 2 (Apr. 6, 2021). As a result, the Commission developed and recommended the 2021 amendment to section 1658 to provide statutory standards and procedures for "petitions for termination of parental rights and responsibilities filed by another parent of the child." *Id.* at 1, 3.

added).  The amendment was not intended to alter the Probate Court's subject matter jurisdiction over termination petitions filed under section 9-103.

[19]  For these reasons, we conclude that section 1658(1-A) applies only to termination petitions brought pursuant to 19-A M.R.S. § 1658 and does not divest the Probate Court of its subject matter jurisdiction over termination petitions filed in conjunction with adoption proceedings under 18-C M.R.S. § 9-103.

The entry is:

> Judgment vacated.  Remanded for further
> proceedings consistent with this opinion.

---

Christopher M. Berry, Esq., Berry Law, P.A., Bridgton, for appellants Joseph R. et al.

The appellee did not file a brief

York County Probate Court docket numbers 2023-011-CA and 2023-012-CA
FOR CLERK REFERENCE ONLY